## TROWBRIDGE and another vs. BARRETT.

30  661
103  170

CONTRACT: (1.) *Defendant who accepts and uses machinery, liable for value of plaintiffs' labor thereon.* (2.) *Contract price, when conclusive as to value of plaintiff's labor.*

PLEADING: PRACTICE: (3.) *Quantum meruit and quantum valebant counts, when may be added on the trial.* (4.) *Variance between pleading and proof disregarded where no injury has resulted.*

1. Defendant, after accepting, using and deriving substantial benefit from machinery erected for him by plaintiffs' labor, is liable to them in an action for the value of such labor, though he might recover damages accruing to him from their non-compliance with some parts of their contract for building such machinery.

2. The contract price for the erection of the machinery must be taken as the value of plaintiffs' labor, in the absence of any evidence to the contrary.

3. Where the complaint counted only upon the special contract, and the proof was that it had never been fully performed, but the case was fully tried upon its merits, and the evidence shows that the plaintiffs would have been entitled to recover upon *quantum meruit* and *quantum valebant* counts, an amendment inserting these counts should have been allowed at the trial.

4. Such amendment having been denied, and verdict and judgment having gone for the plaintiffs, and defendant not having been misled or injured by the variance between the complaint and proof, such variance is disregarded by this court, and the judgment affirmed.

APPEAL from the Circuit Court for *Sheboygan* County.

Action to recover the balance alleged to be due from the plaintiffs for a stationary steam engine and boiler, manufactured by the latter for the former, pursuant to a special contract between the parties. The answer of the defendant denies that the plaintiffs performed their contract in that behalf, and specifies several particulars, wherein it is alleged that they failed to do so. The contract price for said engine and boiler, and for all things necessary to the complete setting up and running of said engine, was $3,600; one-half thereof payable upon the delivery of said engine and boiler complete on the cars of the S. and F. R. R. at Fond du Lac, and the other half payable "when said engine is in good running order, put up in Sheboygan," as specified in the contract. It is conceded that $2,400 was paid on the contract and that in addition thereto the defendant established a set-off on the trial, to the amount of about $280.

The defendant interposed counter claims for damages by way of *recoupment*, for various alleged breaches by the plaintiffs of such contract; but on the trial withdrew such claims for damages, leaving the facts stated in such counter claims to stand as defenses to the action. All the testimony offered by the defendant to prove such damages was stricken out on motion of defendant's attorney.

It was conceded on the trial, on behalf of the plaintiffs, that they had failed in some particulars to fully perform the contract on their part, and testimony was introduced by them tending to

show an acceptance by the defendant of a part performance by them of such contract, in place of a full performance thereof, and a waiver of such full performance as a condition precedent to their right to recover, either upon the special contract or upon a *quantum meruit*, for the work actually done by them.

The court instructed the jury, in substance, that to entitle the plaintiffs to recover, they must show a performance of the contract on their part; or, failing in that, they must show a waiver by the defendant of a full performance thereof, and an acceptance of a part performance instead; and further, that if the defendant accepted and used the engine and boiler in an incomplete state, thus deriving benefit therefrom, the plaintiffs would be entitled to recover the reasonable value of the benefit which the defendant had derived from their work. The court further instructed the jury that after the counter-claims for damages, and the evidence to support them had been withdrawn, there was no evidence to show that there was any difference between the contract price and the real value of the plaintiffs' work.

The plaintiffs had a verdict and judgment on the basis of the contract price for the engine and boiler, less payments and set-offs. From this judgment the defendant appealed.

*Bentley & Seaman*, for appellant.

*Knowles & Babcock, contra.*

LYON, J. The testimony in the case not only tends to show, but shows beyond all question, that, unless there is some fatal defect in the complaint, the plaintiffs are entitled to recover.

Although the contract for manufacturing and setting up the engine and boiler, was not in all respects fully performed by the plaintiffs, yet it was performed except in some minor particulars, and the defendant has accepted the same, and used them constantly ever since they were set up, thus deriving substantial benefit from the labor and expenditure of the plaintiffs thereupon. There is no arbitrary rule of law, which, in

violation of every principle of natural justice, defeats the plaintiffs' right of recovery in such case, and permits the defendant to enjoy the fruits of such labor and expenditures without making remuneration therefor.

The defendant had the right to recoup all damages sustained by him by reason of the failure of the plaintiffs to fully perform their contract with him. This he did in the first instance, but during the trial he withdrew all claim for such damages, and on the motion of his counsel all testimony tending to prove the same was stricken out. These proceedings by the defendant narrowed the issue to the single question of the right of the plaintiff to recover anything in the action; and as the court instructed the jury, left the contract price the measure of damages in case the plaintiffs established their right to recover. Hence, if the complaint is sufficient, under the circumstances of the case, to entitle the plaintiffs to a verdict for any sum, this verdict, and the judgment based upon it, are for the full sum.

Is the complaint sufficient for that purpose? It counts upon the special contract, and alleges performance thereof, except as regards the time of performance, in which particular it admits default and excuses it. But the special contract remains confessedly unperformed in other particulars. The case of *Warren v. Bean*, 6 Wis., 120, is an authority that the complaint is insufficient, in that it does not contain counts upon the implied assumpsit for the labor and materials furnished by the plaintiffs in and about the construction of the engine and boiler for the defendant. But this action was fully tried upon the merits, the same as though the complaint contained the *quantum meruit* and the *quantum valebant* counts, and the circuit court should have granted the motion made, on behalf of the plaintiffs near the close of the trial, for leave to amend the complaint by inserting those counts therein. But it is clear that the defendant has not been misled or in any manner prejudiced by the alleged variance, and the same becomes immaterial. It may be disre-

garded, or the complaint may yet be amended to make the same correspond with the proofs.

The defendant has waived his right to recover in this action for any damages which he has sustained by reason of the failure of the plaintiffs fully to perform their contract with him. In an action brought by him for that purpose he will doubtless recover all such damages which the proofs show he has sustained. But he has foreclosed his right to recover any portion thereof in this action.

We find no error in the proceedings in the circuit court, of which the defendant can justly complain, and are of the opinion that the judgment of that court should be affirmed.

*By the Court.*—Judgment affirmed.