## H. L. STEEPLES, RESPONDENT, *v.* ELIAS NEWTON, APPELLANT.

FAILURE TO COMPLY WITH CONTRACT FOR WORK, DOES NOT PRECLUDE RECOVERY FOR REASONABLE VALUE OF SERVICES, WHEN.—Where one performs service for another on a special contract, and for any reason except a voluntary abandonment fails to fully comply with his contract, and such compliance becomes impracticable and the service has been of value to him for whom it was rendered, he may recover for such service its reasonable value, deducting therefrom any damages which the party for whom the service was rendered has sustained by reason of such failure.

IMPEACHING WITNESS—EVIDENCE OF PARTICULAR FACTS.—Where a party calls witnesses to impeach a witness of the other party by showing that his general reputation for truth is bad, and the other party on cross-examination calls out particular facts tending to show that such witness is not worthy of belief, such facts can be considered by the jury as affecting the credibility of the witness attempted to be impeached.

APPEAL from Washington County. The facts are stated in the opinion.

*T. H. Tongue,* for appellant.

*T. B. Handley,* for respondent.

By the Court, BOISE, J.:

The respondent in this case alleges in his complaint that he performed labor for appellant in ditching, and alleges his labor to be of the value of seventy-three dollars and eighty cents, and claims a balance to be due him of sixty-two dollars and interest, for which he demands judgment.

The appellant answered, and in his answer alleges that whatever labor the plaintiff performed for him was performed under and in pursuance of a written contract between the parties, which contract is set out in the answer. The appellant alleges that the respondent has not completed

said contract; that he has not dug the said ditches mentioned in the contract or any part thereof according to the terms of the contract, and that all said ditches were at the commencement of this action and at the date of the answer uncompleted and unfinished, without appellant's fault. In said answer appellant further alleges that he has been damaged by reason of the plaintiff's failure to comply with said contract, in this—that he was unable to have the ditches completed, and lost the use of his land to his damage in the sum of one hundred dollars.

The respondent, in his reply, denies the damages, and alleges as a reason for not completing the ditches that the appellant changed the stakes locating the same, which he says were fixed at the time the contract was signed, and located the said ditches on ground where it would be more expensive to dig them; that he offered to dig the ditches on the ground where the same were located at the time of the signing of the contract, and where he agreed to construct them, but appellant forbade him. On the issues raised by these pleadings the parties tried the case, and the jury found a general verdict for the plaintiff for thirty-four dollars and thirty-three cents.

From the bill of exceptions it appears that the respondent offered evidence by himself as a witness tending to show that at the time the contract was signed the ditches were marked out with stakes; that he commenced work and dug a part of the ditches, and after working a while he found that the stakes on one of the ditches had been moved to ground where it would be harder to dig; that the appellant acknowledged that he had moved the stakes, but claimed a right to do so under the contract, and told the respondent to dig where he had moved them or not at all, and that respondent, in consequence, abandoned the work.

The appellant offered evidence to show that when they were negotiating about the making of the contract, appellant and respondent went over the ground and drove some stakes indicating the course of the ditches, but it was understood that the appellant was to locate them and had the right to do so. Appellant also offered evidence tending to

show that he did not acknowledge that he moved the stakes and that he did not move the stakes; also, that appellant staked the ditches which respondent dug after the contract was signed and that the respondent requested him to do so, and that the appellant never consented or requested the abandonment of the work by the respondent.

The respondent offered several witnesses to impeach the general character of the appellant (who was a witness in his own behalf) for truth, and on examination said witnesses stated that the defendant had had trouble with his neighbors and frequent disagreements about dealings and contracts. It appears from the bill of exceptions that there was a conflict of testimony on the issues presented to the jury about the time of locating the ditches. The respondent claimed in his case that it was the understanding that they were located when the contract was signed, which appellant denied. The language of the contract on that subject is as follows: "All ditching above specified to be performed in lines plainly staked and defined by the parties of the second part," meaning the appellant. This language is equivocal, and may refer to lines that are already staked and defined. Parol evidence was properly admitted to show whether or not the parties referred to lines already fixed at the date of the contract, so that the circuit court properly instructed the jury that "if the parties did not substantially understand the provisions of the contract in regard to the staking of the ditch; then, so far there has been no contract, and the plaintiff is entitled to the nominal value of his labor;" that is to say, if the parties did not understand each other as to the lines of the ditches, then their minds never met and assented to the same proposition, and did not contract on that subject, and whether they did understand alike was a question for the jury. The second instruction objected to is as follows: "If the plaintiff abandoned his contract without cause he is entitled to recover the reasonable value of his labor, subject to the offset by the damages sustained by defendant by reason of plaintiff's non-performance of his contract."

The determination of the propriety of this instruction

presents a vexed question, on which the authorities are not uniform. The circuit court seems to have followed the rule laid down in the text in Parsons on Contracts, vol 2, 523, which is supported by the authority of the case of *Britton* v. *Turner* (6 N. H. 481), where it was held that where one party, without the fault of the other, fails to perform his contract for labor in such a manner as to enable him to sue upon it, still, if the party for whom the labor is performed has derived a benefit from the part performed, the party so failing may recover the reasonable value of such labor. That was a case of *indebitatus assumpsit* for work and labor. "The defendant offered evidence to prove that the work was done under a contract to work for one year for the sum of one hundred dollars, and that the plaintiff left his service without his consent and without good cause." The learned judge instructed the jury that although all the points should be made out, yet the plaintiff was entitled to recover under his *quantum meruit* as much as the labor performed was reasonably worth, and this instruction was held correct. This case seems not to have been followed in other states. It is quoted and discussed in the case of *Olmstead* v. *Beal* (19 Pick. 529), where the court say that they have no hesitancy in adhering to the rule before established in Massachusetts, which is supported by a long series of adjudications. It was held in the case of *Fenton* v. *Clark* (11 Vt.), where the plaintiff contracted with the defendant to labor for four months, at ten dollars per month, and not to receive any pay until he had worked the four months, and before the time was out became disabled and unable to perform the work; that his sickness, being the act of God, the contract was discharged, and he could recover the reasonable value of his labor, and the same was held in the case of *Leaver* v. *Morse* (20 Vt. 620). The same rule is also held in Massachusetts. (*Fuller* v. *Brown*, 11 Mass. 440, and *Olmstead* v. *Beal*, 19 Pick. 529, above cited.) The latter rule is as it was announced by this court at this term, in the case of *Tuboa & McPhee* v. *J. M. Strowbridge*, where the decision of the question was not necessary to a determination of the case and was conse-

8

quently *obiter*. " That where one performs services for another on a special contract, and for any reason except a voluntary abandonment, fails to fully comply with his contract and such compliance becomes impracticable, and the service has been of value to him for whom it was rendered, he may recover for such service its reasonable value, after deducting therefrom any damages the party for whom the service was performed has sustained by reason of such failure."

Since deciding that case, we have more fully considered this very important subject, and think the rule here laid down to be just and reasonable, and it is supported by most of the modern authorities. To adopt the rule that in all cases a party shall be held to a literal compliance with his special contract before he can recover anything for labor, is too harsh and would often be unjust; and, on the other hand, to hold to the rule as stated in the case of *Britton* v. *Turner* (6 N. H. 481), that a person may voluntarily abandon his special contract and lose nothing thereby, would have a tendency to encourage bad faith and lessen the sacredness of solemn obligations, which it is the duty of the courts to uphold and enforce so far as the same can be done without doing manifest injustice. It would be unjust to require a total performance in cases where the party in default has bestowed his labor for the benefit of his employer and fails fully to comply with the terms of his contract from some accident or misfortune which does not involve willful neglect or abandonment on his part. We think, therefore, that this instruction of the circuit court was incorrect and might have influenced the verdict of the jury to the damage of the appellant.

It is also claimed as error that the court said to the jury that they could consider the evidence in the case tending to show that the defendant had had misunderstandings with many of his neighbors in his dealings with them, as affecting his credibility as a witness. This evidence was brought out by the examination of witnesses called by the respondent to impeach the character of the appellant for truth; and although the respondent, who offered these witnesses, could

not have proven these facts to impeach the credibility of the appellant, if the appellant called out circumstances having that tendency, such evidence was properly before the jury and could be considered by them, and the instruction was not erroneous.

We think there was error in the second instruction, and the judgment of the circuit court will be reversed and a new trial ordered.