[Filed June 9, 1884.]

# W. B. TODD *v.* THOMAS HUNTINGTON.

ASSUMPSIT—QUANTUM MERUIT—CONTRACT PRICE.—In an action upon a contract for labor and materials furnished at an agreed price, where the complaint also contains an allegation of the *quantum meruit,* an instruction that "if the work, labor, and materials were rendered and furnished substantially as specified in the contract, then the defendant would be entitled to recover the reasonable value of the same, not exceeding the contract price," is not error.

MULTNOMAH COUNTY. Defendant appeals. Affirmed.

*J. H. Woodward,* for Appellant.

*E. Mendenhall* and *X. N. Steeves,* for Respondent.

LORD, J. The appellant presents but one question for our decision. It is involved in the giving and refusing an instruction. The action was brought upon an express contract for the construction of certain buildings, and also for the same work upon *quantum meruit.* By election, the trial proceeded upon *quantum meruit.* The bill of exceptions shows that there was evidence tending to prove that the work, labor, and materials were rendered and furnished, and were reasonably worth the amount alleged in the complaint; that the work, labor, and materials were rendered and furnished under an express contract to complete certain buildings for the appellant; and that the same were completed, except that there was evidence tending to show that the work was in some respects unskillfully done, and that there were some unauthorized deviations from the contract; but there was evidence also tending to show that the appellant had directed the change in the work from the contract. The appellant occupied the buildings. The contention of the appellant is, that the respondent cannot recover on

the *quantum meruit,* and if at all, he must recover on the contract. The court instructed the jury that if the work, labor, and materials were rendered and furnished substantially as specified in the contract, then the respondent would be entitled to recover the reasonable value of the same, not exceeding the contract price.

That the adjustment of the rights of parties to contracts, upon facts analogous to this case, has been a troublesome question, and the subject of much judicial examination and controversy, will be admitted. But we think the principle involved was virtually decided in the case of *Steeples* v. *Newton,* 7 Or. 110, in which the court, after further examination and reflection, adopted the rule as announced in *Tribou* v. *Strowbridge,* Id. 156. In that case, it was said that "where one performs services for another on a special contract, and for any reason, except a voluntary abandonment, fails to fully comply with his contract, and such compliance becomes impracticable, and the service has been of value to him for whom it was rendered, he may recover for such service its reasonable value, after deducting therefrom any damages the party for whom the service was performed has sustained by reason of such failure.

But a leading case, and one near in point to the question here in controversy, is *Hayward* v. *Leonard,* 7 Pick. 181; S. C., 19 Am. Dec. 268, and notes. (See also *Britton* v. *Turner,* 26 Id. 713, and notes; *Cutter* v. *Powell,* 2 Smith's Lead. Cas. 49; Field on Damages, 326 et seq.)

There was no error in the instruction, and the judgment is affirmed.