Argued July 7, decided July 15, rehearing denied September 9, 1913.

# RICHARDSON *v.* INVESTMENT CO.*

### (133 Pac. 773.)

**Appeal and Error—Findings—Review.**

1. A finding in an action on a contract tried to the court that plaintiff had performed the work in a thorough and workmanlike manner cannot be set aside on appeal unless it affirmatively appeared that there was no evidence to sustain it under Article VII, Section 3, of the Constitution, providing that the findings of the court on such a trial are tantamount to a verdict, and cannot be disturbed unless the Supreme Court can affirmatively say there is no evidence to sustain it.

**Contracts—Performance—Evidence.**

2. Where plaintiff contracted to lay a cement sidewalk with a 4-inch concrete base and a ¾-inch wearing surface, and the proof showed without dispute that the concrete base was only from 3 to 3½ inches thick, and that the wearing surface was less than ¾ inch, a finding that plaintiff had performed his contract in a thorough and workmanlike manner could not be sustained under Sections 725, 726, L. O. L., providing that evidence shall correspond with the substance of the material allegations, and that each party shall prove his own affirmative allegations.

**Contracts—Express Contract—Action—Quantum Meruit.**

3. Where plaintiff declared on an express contract and alleged performance, the burden was on him to prove substantial performance, and on failing to do so he could not recover on a *quantum meruit.*

**Interest—Judgment—Unliquidated Damages.**

4. Section 6028, L. O. L., provides that the rate of interest in the state shall be 6 per cent per annum on all moneys after the same become due; on judgment and decrees for the payment of money; on moneys received to the use of another and' retained beyond a reasonable time without the owner's consent, express or implied, or on money due on the settlement of matured accounts from the day the balance is ascertained, etc. *Held,* that, where the plaintiff sued for the balance of the contract price of certain sidewalk construction work, he could not recover interest prior to judgment.

From Multnomah: WILLIAM N. GATENS, Judge.

---

*The question of the right to interest on unliquidated damages generally is treated in an extensive note in 28 L. R. A. (N. S.) 1.

REPORTER.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by A. R. Richardson against the Investment Company.

The plaintiff declared on an express contract whereby he was to perform labor and furnish material in building a cement sidewalk at a specified price stated in the complaint. He alleged complete performance of the agreement on his part, and claimed a balance still due and owing to him from the defendant.

The answer denied the contract except as stated, and utterly denied the performance of the same by the plaintiff and the balance due as alleged in the complaint. The answer alleged that the contract consisted in the acceptance by the defendant of a written offer made by the plaintiff, of which here follows a copy:

"Portland, Oregon, Dec. 23, 1908.
"Mr. E. Quackenbush, Pres. Investment Co., Portland, Ore.

"Dear Sir: I hereby make the following bid for excavation and laying cement sidewalks with corners, on Vancouver avenue (west side) between Killingsworth avenue and Holman street: Per lineal foot of sidewalk, 6 feet wide, 4-inch concrete base with $\frac{3}{4}$-inch wearing surface, 65 cents. Curbing at corners to be at the rate of 20 cents per cubic foot. Surface at corners, if wanted, with 4-inch base at angles, 11 cents per square foot. Cement to be used exclusively to be White Bros.' best quality cement, properly mixed and laid in a thorough and workmanlike manner.

"Yours respectfully,
"A. R. RICHARDSON."

The defendant charged that the plaintiff had failed to comply with the terms of his stipulation, in that the material was not properly mixed; that the sidewalk was not laid in a workmanlike manner; that the foundation is "porous, not of the thickness required, and not

solid or sufficiently hard to make a proper foundation for said sidewalk.'' The plaintiff claims damages for the breach of the contract alleged in the sum of $1,800.

The new matter of the answer was traversed by the reply. The action was heard by the court without a jury, and findings were made substantially according to the allegations of the complaint, followed by a judgment for the plaintiff rendered March 21, 1912, for the full amount claimed by the plaintiff, with interest thereon from July 10, 1911, which last-named date seems to be that on which the findings were filed. The defendant appeals.

REVERSED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. John Van Zante* and *Mr. Albert H. Tanner,* with an oral argument by *Mr. Van Zante.*

For respondent there was a brief over the names of *Mr. Edward B. Watson* and *Mendenhall Bros.,* with an oral argument by *Mr. Watson.*

MR. JUSTICE BURNETT delivered the opinion of the court.

Two questions are presented by the appeal: (1) Was the testimony sufficient to authorize the court to make a finding of fact to the effect that the plaintiff had fully performed the contract declared upon? (2) Was the allowance of interest as stated authorized at law?

1. Although denied by the pleadings, it was admitted at the trial that the contract was made and the work done upon the written offer and acceptance alleged in the answer. That instrument is silent as to the material to be used except the kind of cement required. There is a marked dispute in the testimony as to whether the work was done in a ''thorough and work-

manlike manner." Hence, the finding of the Circuit Court on that point cannot be disturbed; for, under Article VII, section 3, of Constitution, and the precedents established in this state, the findings of the court are tantamount to a verdict, and cannot be disturbed unless this court can affirmatively say there is no evidence to sustain them.

2. It is specified in the contract, however, that the sidewalk must have a 4-inch concrete base with a ¾-inch wearing surface. It is admitted in the testimony by the plaintiff himself, and there is no dispute anywhere in the evidence on that point, that the concrete base of the sidewalk in question was only about 3 to 3½ inches in thickness, and that the wearing surface was of less thickness than that specified in the bid. It is said that "evidence shall correspond with the substance of the material allegations," and that "each party shall prove his own affirmative allegations": Sections 725, 726, L. O. L.

3. The plaintiff, having declared upon an express contract and alleged performance thereof, must prove his allegations. This is required by the code, and accords with the rule as laid down in *Hannan* v. *Greenfield*, 36 Or. 97 (58 Pac. 888); *Young* v. *Stickney*, 46 Or. 101 (79 Pac. 345). Having contracted to build a walk with a 4-inch base, and having alleged complete performance of the contract, the plaintiff, if he would recover under such a complaint, must prove that he built a sidewalk with a 4-inch base. Something was said in the testimony about a custom prevailing in Portland to build concrete sidewalks in forms composed of 2 by 4 scantling sized to 2 by 3¾ inches, tamping down the base even below the top so as to receive the surface dressing within the form. Custom, however, cannot be allowed to contradict the plain terms of a contract,

though it is sometimes used as a canon of interpretation for provisions otherwise obscure.

The sidewalk may have been a good one. It may be of value to the defendant, and under proper allegations on the *quantum meruit* the plaintiff might recover the reasonable value of the services performed and materials furnished, as ruled in such cases as *Gove* v. *Island City M. & M. Co.*, 19 Or. 363 (24 Pac. 521), and authorities there cited. The plaintiff's case, however, is not so laid. A careful reading of the testimony, the whole of which is made part of the bill of exceptions, shows that in the respect mentioned there was no testimony to sustain the finding of the court to the effect that the plaintiff had fully performed his contract.

4. The court was in error in allowing interest on the plaintiff's demand antecedent to the date of the judgment. As said by Mr. Justice BEAN in *Sorenson* v. *Oregon Power Co.*, 47 Or. 24, 34 (82 Pac. 10, 12) : ''The court was in error, however, in allowing interest on the verdict from its date to the rendition of judgment. In the absence of a contract to pay interest, the right to exact it must be found in the statute, * * and the statute makes no provision for interest on unliquidated damages arising out of a tort until made certain by judgment.'' It is said in Section 6028, L. O. L., that:

''The rate of interest in this state shall be six per centum per annum, and no more, on all moneys after the same become due; on judgments and decrees for the payment of money; on money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied, or on money due upon the settlement of matured accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and no rate specified. * * ''

It is thus apparent that the statute allows interest only on certain specified demands. It is not in any and

every case without discrimination where money should be paid by one person to another that interest is allowed against the tardy debtor. The statute prescribes the instances in which interest is allowed in the absence of an agreement to pay it; and, if one would recover interest, he must show that his claim comes within the provisions of the statute. If the legislature had intended to allow interest on all manner of monetary demands, it would have stopped short, in the section quoted, with the declaration that "the rate of interest in this state shall be 6 per centum per annum, and no more, on all moneys after the same become due." The specifications in the subsequent clauses of the section operate to exclude all other instances, else their mention were useless. In this case, until judgment was rendered, the conditions of the statute were not fulfilled authorizing the allowance of interest.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.