### VALENTINE v. QUACKENBUSH.

(Circuit Court of Appeals, Ninth Circuit. February 13, 1917.)

No. 2752.

1. CONTRACTS ⬤➡346(3)—ACTION FOR BREACH—VARIANCE—STATUTE.

Where the complaint alleged a breach by defendant of his contract to pay plaintiff 10 per cent. above the cost of a building for superintendence and for furnishing material and labor, but the bill of particulars filed therewith showed a charge of 2½ per cent. additional for preparing the plans, and the answer, which was denied by replication, denied liability for the commission for the plans, it was not error to admit evidence of defendant's agreement to pay the commission for the plans, in view of Comp. Laws Alaska 1913, § 919, providing that no variance between the pleading and the proof shall be deemed material, unless it actually misled the adverse party to his prejudice, and when it shall be alleged that the party has been so misled that fact shall be proved, and thereupon the court may order the pleading to be amended upon such terms as may be just.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1719.]

2. APPEAL AND ERROR ⬤➡1002—REVIEW—VERDICT—CONFLICTING EVIDENCE.

Where the evidence was conflicting as to whether defendant agreed to pay plaintiff for superintendence 10 per cent. of the cost only of the materials and labor furnished by defendant, or of the cost of all materials and labor for the building, and that question was properly submitted to the jury, which found in favor of the plaintiff, defendant cannot, on appeal, object that the percentage on labor and materials not furnished by plaintiff should not have been included in the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937.]

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INTEREST ⬤＝⇒19(1)—RIGHT TO RECOVER ON LIQUIDATED DEMANDS.—STATUTE. Comp. Laws Alaska 1913, § 684, providing that the rate of interest shall be 8 per cent. on all moneys after the same become due, on judgments and decrees for the payment of money, on money due on the settlement of matured accounts from the day the balance is ascertained, and on money due or to become due, where there is a contract to pay interest, and no rate specified, does not authorize recovery of interest before judgment on an architect's commission for superintending the erection of a building, the amount of which was disputed.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35, 36, 38, 40.]

In Error to the District Court of the United States for the First Division of the District of Alaska.

Action by Charles A. Quackenbush, doing business under the firm name and style of the Juneau Construction Company, against Emery Valentine. Judgment for plaintiff, and defendant brings error. Judgment modified, by eliminating the allowance of interest, and, as modified, affirmed.

Quackenbush, plaintiff below, doing business under the firm name of Juneau Construction Company, brought action against Valentine, defendant below, to recover $5,020.92, with interest from April 1, 1914, alleging that at defendant's request he furnished to defendant all materials and labor used in erecting and remodeling three buildings; that the cost was $27,931.59; that defendant agreed to pay him the cost of materials and labor and 10 per cent. of such cost for services in superintending and remodeling; that he demanded payment, but was refused.

Defendant Valentine answered that plaintiff agreed to superintend the erection according to plans furnished by defendant, and to purchase all needed material at market prices, less dealer's discount; that defendant was to furnish funds as needed to pay for labor and material, and accounts were to be kept by plaintiff, and that, upon completion of the work, plaintiff was to receive a sum equal to 10 per cent. of the total cost of labor and material employed, brought and paid for through plaintiff; that defendant paid plaintiff $28,432.37 under the contract; that the account rendered by plaintiff was incorrect; that defendant was not liable for $539.40 for plan of block, as included in the bill of particulars, or for $561.72 for 10 per cent. on sundry accounts, because certain items referred to were not paid for through plaintiff; that the accounts rendered were not accurate; and that upon true accounting a balance would be due to defendant.

In his replication the plaintiff denied that he undertook to erect two buildings according to the plans furnished by the defendant, and admitted that he was to receive, upon completion of the work, a sum of money equal to 10 per cent. of the total cost of the labor and material used and paid for by him or the defendant, but denied the other allegations set up in the answer. Plaintiff admitted that none of the sundry accounts, which embraced items for a heating plant, installation of a lighting and telephone system, plumbing, and painting, were paid for by or through the plaintiff, but he denied that defendant was not liable.

The case was tried to a jury, and verdict was rendered in favor of plaintiff for $3,706.07, with interest from May 1, 1914. Defendant sued out a writ of error.

J. H. Cobb, of Juneau, Alaska, for plaintiff in error.

Shackleford & Bayless and V. A. Paine, all of Juneau, Alaska, for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

⬤＝⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
239 F.—53

HUNT, Circuit Judge (after stating the facts as above). [1] The defendant, plaintiff in error here, assigns as error the action of the court in admitting evidence tending to show that the contract between plaintiff and defendant provided for a commission of 2½ per cent. of the cost of one of the buildings remodeled, for plans, in addition to the 10 per cent. of such cost for the services of the plaintiff. It is said that there was no issue raised as to what plaintiff was to be paid, and that the exception to the admission of such evidence was well taken. But in the bill of particulars, which was furnished by plaintiff before answer, there was a specific charge of $666.82 for plans for the Valentine Block, and in the answer the defendant specifically referred to the bill of particulars filed, and denied liability for the items of $539.40, "plan for block, or for any sum whatsoever therefor," because plaintiff did not furnish such plan and was not entitled to any charge therefor. Upon the trial plaintiff testified that it was distinctly agreed with the defendant, Valentine, that 2½ per cent. was to be the cost of the plans, which was reasonable and customary for architectural work; that the 10 per cent. of the total cost of the building, to which he was entitled, was for superintendence and material furnished, but that the additional 2½ per cent. for the plans of the Valentine Block was calculated upon the net cost of the building, as was customary in making architect's fees. Defendant denied that there was such an agreement and gave his version. The court submitted the issues thus presented, and distinctly told the jury that it was for them to determine from the evidence on both sides what the contract was as to the plans, saying:

"If you decide that the contract was to pay 2½ per cent. of the cost of the building for the plans, then you will compute 2½ per cent. on the total cost of the buildings, including the sundry items, and allow that amount also to plaintiff; if you decide that the contract was as Mr. Valentine alleges it to have been, then you will make no addition for or on account of the plans."

The defendant did not suggest that he was surprised or misled by litigating the issues presented by the evidence; but, if he had, the court would doubtless have allowed an amendment to meet the situation, for section 919, Compiled Laws of Alaska, provides that:

"No variance between the allegation in a pleading and the proof shall be deemed·material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just."

Pennsylvania Co. v. Whitney, 169 Fed. 573, 95 C. C. A. 70.

[2] The second point presented by plaintiff in error is that certain bills for materials were paid directly by Valentine, and not through Quackenbush as a contractor, and therefore the 10 per cent. commission agreed upon should not be computed on any of the items paid directly by Valentine. The testimony of Quackenbush was to the effect that in May, 1913, Valentine told him that under the contract he was satisfied about the 2½ per cent. for the plan, if it was a good plan,

and that he was going to pay 10 per cent. on the total cost of the build-- ing. In the bill of particulars appears the item "10 per cent. on sundry accounts, $561.72," and in the answer the defendant, referring to the specific bill of particulars, denies liability for this item of $561.72, "or for any sum whatsoever on said item." There was no objection to the admission of the testimony of the plaintiff to the effect that defendant told him that he was going to pay 10 per cent. on the total cost of the building. Defendant's evidence was in conflict with that of plaintiff; but there was issue upon the point involved, and the court in clear terms instructed that the plaintiff claimed that, in addition to 10 per cent. of the cost of the Valentine Building, he was also entitled to a commission of 10 per cent. on the sundry items, while the defendant claimed that the contract with the plaintiff was only to have a commission of 10 per cent. upon such material and labor as was furnished by plaintiff, and that the accounts called "sundry accounts," referred to in the bill of particulars, were for materials and labor not furnished by or through the plaintiff, but were matters which the defendant attended to himself, and that therefore plaintiff was not entitled to any commission thereon. The court also said:

"If you find from a preponderance of the evidence that plaintiff was to have 10 per cent. on the total cost of the building, then you will allow him 10 per cent. on the cost of those materials, labor, etc., furnished by him, and 10 per cent. on the value of the 'sundry accounts'; but, if you find that the contract was that he was only to have 10 per cent. on such material and labor as was furnished by him, then you must not allow him any percentage on the sundry items."

The instruction, therefore, well stated the particular issues, and the verdict, being supported by substantial evidence, will not be disregarded.

[3] The next assignment of error is based upon the allowance of interest under the verdict of the jury. Section 684, Compiled Laws of Alaska, provides that:

"The rate of interest in the district shall be eight per centum per annum, and no more, on all moneys after the same become due, on judgments and decrees for the payment of money, * * * on money due upon the settlement of matured accounts from the day the balance is ascertained, on money due or to become due where there is a contract to pay interest and no rate specified."

This statute is in substance exactly like section 3587, Hill's Annotated Laws of Oregon, and was evidently taken from the laws of Oregon. In Richardson v. Investment Co., 66 Or. 353, 133 Pac. 773, in an action upon a contract, the Supreme Court of the state held that it was error to allow interest upon the plaintiff's demand antecedent to the date of the judgment, and construed the statute as only applicable to certain specified demands, and that until judgment was entered the conditions of the statute were not fulfilled. In Williams v. Pacific Surety Company, 77 Or. 210, 146 Pac. 147, 149 Pac. 524, the jury rendered a verdict, assessing damages and interest. That was an action for unliquidated damages, and the court held that the rule was well settled in Oregon that interest could not be recovered thereon. In Sargent v. American Bank & Trust Company, 80 Or. 16, 154 Pac.

759, 156 Pac. 431, the court reaffirmed the rule laid down in Richardson v. Investment Company, supra.

The judgment will therefore be modified by eliminating therefrom the amount of interest computed or included prior to the date of the rendition of the judgment, and, as so modified, it will be affirmed.