Submitted on briefs June 24, affirmed August 30, 1927.

## PETER HAUGLUM AND C. F. ANDERSON *v.* MT. HOOD WOODLANDS CO.

(258 Pac. 820.)

**Contracts—Complaint Alleging Contract for Services, Providing for Payment for Previous Services Before Future Services Should Commence, and Failure to Pay Held Sufficient.**

1. Complaint alleging that defendant, by written contract, agreed to pay for previous services before future services provided for in the contract were required to be commenced, and that defendant failed to pay, *held* to state a cause of action, notwithstanding that plaintiffs did not allege that they had performed the contract as to the future services.

**Appeal and Error—Where Complaint is Sufficient to Sustain Judgment Awarded, Whether It is Sufficient to Sustain Judgment for Damages not Given is Immaterial.**

2. Where a complaint is sufficient to sustain the judgment awarded, reasons which might have defeated a recovery of damages not awarded will not render complaint demurrable. ·

Contracts—In Action on Contract Providing for Payment for Previous Services, Proving Performance of Future Services Held Unnecessary to Entitle Recovery for Previous Services.

3.  In an action on a contract providing for future services and also for payment for previous services under other contracts, it is unnecessary for the plaintiff to prove performance of the future services to entitle recovery of the sum stipulated as compensation for the previous services.

Appeal and Error—Court's Finding of Fact will not be Disturbed on Appeal Unless There is No Evidence Sustaining It (Or. L., § 159).

4.  Under Section 159, Or. L., the court's finding of fact is deemed a verdict and cannot be set aside on appeal unless it affirmatively appears that there was no evidence to sustain the finding.

Contracts—In Action on Contract Providing for Payment for Previous Work, It was Material to Show Work Performed.

5.  In action on contract providing for payment for services previously performed, it was material for plaintiffs to show what work had been performed under their contract.

Appeal and Error, 4 C. J., p. 650, n. 37 New, p. 876, n. 78, p. 880, n. 96, p. 883, n. 33, p. 902, n. 12.
Work and Labor, 40 Cyc., p. 2839, n. 7, p. 2858, n. 3 New.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Oliver M. Hickey.*

For respondent there was no appearance.

RAND, J.—Plaintiffs as copartners performed services under and in accordance with a written contract which they had entered into with one A. M. Bilyeu in grading and clearing certain roadways upon a tract of land, which, while the services were being performed, was transferred to the corporation by Bilyeu,

3.  Recovery for part performance of severable contract, see note, in 59 Am. St. Rep. 284.
See, also, 6 R. C. L. 983.

which contract the defendant corporation upon acquiring title to the land, adopted as its own and assumed and agreed to pay plaintiffs for the work then and thereafter to be performed under said contract. Upon the completion of the work referred to in the written contract defendant also employed plaintiffs to perform upon the land, other and additional work of like character for which plaintiffs were to receive the same compensation as for the work performed by plaintiffs under the written contract, which work plaintiffs also performed. No part of the sum stipulated for the performance of said work has ever been paid to plaintiffs except the sum of ten dollars. Subsequently and after the completion of said work and on January 27, 1927, defendant entered into another written contract with plaintiffs for the performance by plaintiffs of still other and additional work in which it was stipulated, "that the work be started within 30 days from this date, and be completed in not more than 120 days from this date," and "that the price of this work, including work already performed and to be performed shall be $6,580," and "that all moneys now due and to become due party of the second part shall be paid as follows: $500, on February 5th, $500 February 10th, $1,000 February 17th and a complete settlement thereafter every three weeks as the work progresses." No part of any of the sums of money mentioned in the contract last referred to have ever been paid and plaintiffs have never performed any services thereunder.

Plaintiffs commenced this action to recover the sum stipulated to be paid for the work actually performed, and also to recover damages for alleged loss of profits because of defendant's breach of the contract last

referred to in not paying the sums stipulated to be paid. Copies of both of said written contracts were attached as exhibits to the complaint, and the contract last referred to was offered in evidence upon the trial. The action was tried to a jury and after the close of the testimony both plaintiffs and defendant moved for a directed verdict. The cause was thereupon withdrawn from the further consideration of the jury, and the trial judge made findings of fact and conclusions of law, and based thereon entered a judgment in favor of plaintiffs for the sum stipulated for the work actually performed, and refused to enter judgment for any loss of profits growing out of defendant's alleged breach of the contract last entered into, and from this judgment defendant has appealed.

1, 2. Upon the trial it was stipulated that the complaint was to be construed as an action for breach of contract and not otherwise, and because of this stipulation it is contended that defendant's demurrer to the complaint should have been sustained upon the ground that the complaint fails to state either that plaintiffs performed the contract on their part, or facts constituting a waiver excusing them from such compliance. The complaint alleged that plaintiffs completely performed the two contracts first referred to; that is to say, their written contract with Bilyeu and their parol contract with the defendant corporation, and also alleged their nonperformance of the contract last referred to because of defendant's failure to pay the sums of money, all of which were payable under the terms of the contract before the time when plaintiffs were required by the contract to commence performing services thereunder. The complaint therefore stated a good cause of action for the services actually performed. Whether is was sufficient to entitle plaintiffs to recover for loss of

profits because of defendant's alleged breach of the contract last referred to is not necessary for decision, since the court allowed plaintiffs no judgment therefor. The complaint being sufficient to sustain the judgment awarded, reasons which might have defeated a recovery of damages not awarded does not render the complaint demurrable since the complaint was sufficient to sustain the judgment appealed from. For this reason it is not necessary for us to consider whether under the contract last referred to the payment of moneys was a condition precedent, or merely a mutual and independent covenant.

3, 4. Defendant seeks to invoke the rule that where the plaintiff has declared on an express contract and alleged performance, the burden is on him to prove substantial performance and that on failing to do so he cannot recover on a *quantum meruit: Richardson* v. *Investment Co.*, 66 Or. 353 (133 Pac. 773). The rule is not applicable here because there has been no recovery on a *quantum meruit*. Plaintiffs' recovery was limited to the sum stipulated as the compensation for the work actually performed. There was a dispute in the evidence as to whether the work performed by plaintiffs complied with the terms of the contract. Upon this issue of fact the court found that the work performed did conform to the requirements of the contract and upon this disputed fact by force of the statute (Section 159), the finding of the court is deemed a verdict and cannot be set aside on appeal unless it affirmatively appears that there was no evidence to sustain the finding. See *Richardson* v. *Investment Co., supra.*

5. It was material for plaintiffs to show what work had been performed by them under their contract, and it was proper for the court having found that

the work was actually performed to enter a judgment for the sum stipulated to be paid for such work.

Finding no error in the record the judgment will be affirmed.                                    AFFIRMED.