S. H. HUMPHREYS, Executor of the Last Will of S. P. TAYLOR, Deceased, Appellant, *v.* L. I. TAYLOR, Respondent.

Executor cannot Maintain Action for Possession.—An executor has not such an *estate* in the lands of the testator as to entitle him to maintain an action for the possession thereof under § 313 of the Code. The right of possession of the property of a deceased person, given by law to executors and administrators, is a mere statute power to be exercised by them for the purposes of administration.

Will—Provision giving Wife Possession of Real Property.—A provision in a will that until the land of the testator shall be disposed of by the executor the wife of the testator should have the use thereof, for herself and minor children, is not contrary to law.

Testator's Directions.—All courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true interests and meaning of the testator in all matters brought before them.

Appeal from Washington County.

The facts are stated in the opinion of the Court.

*W. W. Thayer*, for Appellant.

*Caples & Mulkey*, for Respondent.

By the Court, Burnett, J.:

This is an action to recover the possession of certain real estate situate in Washington County, and described in the complaint in this case.

This action is brought by the plaintiff, Humphreys, in his fiduciary capacity as executor of the last will and testament of S. P. Taylor, deceased, against L. I. Taylor, the widow of said deceased.

The defense principally relied on is that the will under which appellant is acting provides that until the land in question is disposed of, by said executor, the wife of said testator, respondent herein, shall have the use thereof for herself and the minor children of the parties.

There was a question made in the pleadings as to whether the defendant had a dower interest in the land in question or not, but as the court below did not pass upon that question it is not necessary to consider it here. The case was tried before the court without a jury, and the court made the following finding of facts:

1. That S. P. Taylor, named in the pleadings, was, at the time of his decease and during the marriage with the defendant, seized of an estate in fee in the lands described in the complaint.

2. That said S. P. Taylor died on the third day of February, 1873, having before made his last will, which, since his death, has been admitted to probate and duly proven in the County Court of Washington County.

3. That the plaintiff was named in said will as executor thereof, and was appointed such executor by the County Court of Washington County, Oregon, and duly qualified and is acting, and brings this suit in that capacity.

4. That the defendant is the widow of said S. P. Taylor, and in and by the will of said S. P. Taylor it was provided, among other things, that until the land of said Taylor (which is the same land in controversy in this action) shall be disposed of by said executor, the wife of said testator (this defendant) should have the use thereof for herself and the minor children of the parties.

5. That said land has not been disposed of by said executor according to the provisions of said will.

As conclusions of law from these facts the court found:

1. That the plaintiff is not entitled to the possession of the premises described in the complaint.

2. That the defendant is entitled to the possession of the premises described in the complaint until disposition of the same by said executor.

From which ruling and decision plaintiff appeals, and assigns errors on both points. The appeal presents two questions for the consideration of the Court:

1. Can the plaintiff maintain this action under the Code?

2. If so, do the findings of fact show that the appellant is entitled to the possession of the premises in question as against the defendant (respondent)?

Upon the first question it will be necessary to examine § 313 of the Code upon which this action is based, to see whether the appellant has brought himself within its provisions or not. That section reads as follows: "Any person who has a *legal estate* in real property, and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action at law," etc. It cannot be said that an executor has a legal estate in the lands of the testator; if he has he can convey it without an order of the County Court, or incumber it if he desires to. But such a view is entirely at variance with the provisions of our law upon the subject of the property of deceased persons.

The right of possession of the property of the deceased, given to the executors and administrators by § 1088 of our Code, is a mere statute power given them only for the benefit of creditors, and properly to be exercised only as the exigencies of the estate might require. Created only by the statute, it owes its existence to that alone. This would seem to be a proper view of the statute, from the fact that while, under §§ 1135 and 1136 of the probate law, an executor or administrator may, under a proper order of the County Court, institute proceedings to set aside a sale or transfer of any property, real or personal, made by the testator or intestate in his lifetime, with intent to hinder or defraud creditors, yet he can only do so when the assets of the estate in his hands are insufficient to satisfy the funeral charges, expenses of administration, and the claims against the estate.

It is urged, by counsel for appellant, that if executors cannot maintain ejectment to recover the possession of the lands of the deceased, that § 1088 of the probate law is of no value; but this conclusion does not follow. Sections 1089, 1090, 1091 and 1092, provide, to the effect, that any person having possession of any property belonging to an estate may, upon a proper application of an executor or administrator, be brought into the County Court under a summary proceeding to give a true account thereof; and again, the "Forcible Entry and Detainer Act" gives a remedy, and, whether adequate or not, seems to be more applicable to cases for possession than the act under which this action is brought, and has been followed in some of the other States. (27 Arkansas, 460.)

The second assignment of error covers the principal ground upon which the decision of the court below was based, to wit: That, under the provisions of the will, in this case, the defendant is entitled to the possession of the premises described in the complaint, until the same is disposed of by the executor. It is claimed, by counsel for appellant, that the language of § 1088 is broad enough to entitle the executor to the possession of the land in question as against the respondent, notwithstanding the express provision in the will (under which the appellant is acting) that the respondent, widow of the deceased, shall have the use thereof until the same is disposed of by said executor.

Taking § 1088 of the Code alone and the construction contended for by counsel might be correct; but in construing statutes it is our duty to so construe them as to make all the provisions relating to the same subject harmonize, if possible, and give each its due effect, and when we consider that under § 1, p. 788, of the Code on the subject of wills, it is provided that every person of twenty-one years of age, and of sound mind, may dispose of all of his property by will, and that all courts and others concerned in its execution shall have due regard to the directions of the will, and the true interests and meaning of the testator, it is plain that the provision in this will ought to be carried into effect unless in plain violation of law.

The provision that the widow and children of the deceased should have the use of the land in question, until disposed of by the executor, is itself a commendable one and in no-wise interfered with the executor in the performance of his duties towards the creditors of the estate, for after disposing of all the personal property belonging to the estate, if there were debts still unpaid, he could, by making a proper showing to the County Court, obtain an order therefrom to sell the land in question, and it was his duty to do so. The will does not undertake to deprive the executor of the power or right to sell the land or even to rent it, but simply provides that until he does dispose of it the widow and children shall have the use of it.

If the plaintiff in this case, acting as executor, had, under a proper order of the County Court of Washington County, sold the premises in question, and this action had been brought by the purchaser at the executor's sale, after obtaining his deed, the case would then be within 20 Cal. 620, referred to by counsel for appellant, and there would be no doubt of his right to recover; or if he had, acting as executor, leased the premises in question, his tenant, I think, under a proper proceeding, could recover the possession thereof from the defendant; but the case at bar is entirely different from either of the cases put, and hence the same rule does not apply.

There is no doubt that under our statute the executor or administrator is entitled to the possession of the property of the deceased for the purposes of administration; such is the general rule. It is also true that a testator cannot dispose of his property by will or otherwise so as to place it beyond the reach of his creditors, or evade the payment of his just debts, for " a man must be just before he is generous."

But as I view this case the provision in the will does not attempt to place the property beyond the control of the executor, nor exempt it from the payment of the debts of the testator, and may be construed in harmony with § 1088 of our Code, and allowed to stand.

Judgment affirmed.