KOHN v. McKINNON et al.

(District Court, D. Alaska. October 24, 1898.)

No. 672.

1. PLEADING.
    The objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to take the objection by demurrer.
2. ADMINISTRATORS—THEIR POWER OVER REAL ESTATE OF DECEDENT.
    Executors and administrators have no power over the real estate of their decedents, except such as is conferred by statute or the will of the testator.

3. SAME—LAWS OF OREGON.

The laws of Oregon in force May 17, 1884, on this subject, are the laws of this district; and, under these, executors and administrators are entitled to the possession of the real estate of their decedents for the purposes of administration only.

4. EJECTMENT.

They cannot maintain actions in ejectment to recover possession of real estate claimed to be the property of the deceased.

5. STARE DECISIS.

While the doctrine of stare decisis is not absolutely applied to decisions of the supreme court of Oregon on the questions at issue, yet, the laws of that state having been extended to Alaska, it must be presumed that the congress was familiar with the construction put upon the statutes of that state by its highest court, and the decisions of that court should therefore have great weight with this court.

(Syllabus by the Court.)

This was an action in ejectment brought by plaintiff, as administrator, against the defendants, to recover the possession of certain real estate claimed to be the property of the deceased.

M. J. Cochran, Charles D. Bates, and K. M. Jackson, for plaintiff.
A. G. McBride and C. H. Sundmacher, for defendants.

JOHNSON, District Judge. On the 17th day of June, 1898, the plaintiff commenced an ordinary action in ejectment against Duncan McKinnon and 11 other persons named as defendants. The premises sought to be recovered are described as certain lots or parcels of land situate in the town of Ft. Wrangel, Alaska. To the complaint no demurrer was filed, but the defendants made answer, some of them denying the allegations of the complaint, and setting up·title to the premises in themselves, while others pleaded that they only claimed possession of the premises by virtue of being tenants of McKinnon, and all disclaimed as to part of the premises described in the complaint. To the answers of Duncan and Mary McKinnon the plaintiff demurred, and at the same time moved for judgment against all of the defendants for that portion ·of the premises ·to which all had disclaimed any interest. While argument was being made on the demurrers to the answers, the court raised the question of the right of the plaintiff, as administrator, to maintain the action, whereupon defendants asked leave (which was granted) to amend their answers by inserting the clause, "The facts stated in the complaint do not constitute a cause of action." The answers being thus amended, all the questions raised were by mutual consent submitted to the court upon oral arguments, and briefs filed.

It would undoubtedly have been better pleading had a demurrer to the complaint been filed on the statutory grounds (1) "that the plaintiff has no legal capacity to sue," and (2) "that the complaint does not state facts sufficient to constitute a cause of action," and the court asked to dispose of the demurrer before requiring defendants to answer. However, by section 71, p. 210, Hill's Ann. Laws Or., which is the law of this district, governing this case, the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by a failure to take the objection by demurrer. Bowen

v. Emmerson, 3 Or. 452; Evarts v. Steger, 5 Or. 147; Olds v. Cary, 13 Or. 362, 10 Pac. 786.

The sufficiency of the complaint being put in issue by the amended answers, it is best to first dispose of that issue; for, if it shall be found that the complaint does not state facts sufficient to constitute a cause of action, it will be unnecessary to pass upon the demurrers to the answers and the motion for judgment. The real question before the court is, can the plaintiff, in his capacity as administrator, maintain this action against the defendants? If he can, then the complaint states facts sufficient to constitute a cause of action; otherwise not. All of the powers of administrators must necessarily be derived from, and their duties prescribed by, either the common law or statutory enactments. At common law, real estate becomes vested, on the death of the owner, in his heirs or devisees, and the executor or administrator has no inherent power over it. It is only as legislation or the will of the testator may have conferred an express power upon the executor or administrator that he can exert it in respect of real estate. Schouler, Ex'rs, § 212. He has no cause to recover possession of the lands of the deceased by a suit at law, and cannot maintain such suit. Id. §§ 213–509, and authorities cited. By an act of the congress providing a civil government for Alaska, passed May 17, 1884, the general laws of the state of Oregon then in force were declared to be the law of this district, so far as the same were applicable, and not in conflict with the provisions of that act or the laws of the United States. The laws governing the administration of estates, and defining the powers and duties of executors and administrators, then in force in the state of Oregon, are applicable to the district of Alaska, and are not in conflict with any law of the United States upon the subject, and are therefore the laws of this district. To these statutory provisions, then, and to these only, must we look in determining the question before us:

"Any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession, with damages, for withholding the same, by an action at law." Hill's Ann. Laws Or. p. 378, § 316.

"The executor or administrator is entitled to the possession and control of the property of deceased, both real and personal, and to receive the rents and profits thereof until the administration is completed, or the same is surrendered to the heirs or devisees by order of the court or judge thereof." Id. p. 720, § 1120.

Under these provisions of the Code, has an administrator such a legal estate in the property of the deceased as will empower him to maintain an action in ejectment to recover the possession of real estate claimed to be the property of the decedent? We think not. In a brief of more than ordinary merit, counsel for plaintiff relies much upon the case of Balch v. Smith, 30 Pac. 648. This was a case arising under the laws of the state of Washington, and decided by the supreme court of that state. It is not necessary to go beyond the opinion of the court itself to see that the laws of that state are broader, and yet more specific, in defining the powers of executors and administrators, than any law we have upon the subject. Indeed, that court relies entirely and absolutely upon the state statutes when it holds that administrators must take possession of all the property of the

decedent, and that, therefore, even an heir is not entitled, as against him, to the possession of the real property. Section 956 of the Code of that state is similar to section 1120 of our laws, heretofore quoted. But in addition to that section we find that sections 1041–1044 of the Code of that state provide, among other things, that executors and administrators shall take into their possession all the estate of the deceased, real and personal; that actions for the recovery of any property, real or personal, or the possession thereof, may be maintained by and against them; that they may maintain actions for trespass committed on the estate of the deceased during his lifetime, and actions may be maintained against them for trespass. It will thus be seen that the laws of Washington, by direct enactments, confer upon administrators the right to maintain actions in ejectment, while our statutes are silent upon the subject. What is here said of the laws of Washington applies with equal force to the laws and decisions quoted in plaintiff's brief from Montana. Black v. Story, 7 Mont. 238, 14 Pac. 703; In re Higgins' Estate, 15 Mont. 485, 39 Pac. 506. Upon examination it is found that, while Montana has a law very similar to our section 1120, it also has other laws which we do not have, by virtue of which the supreme court of that state holds that administrators may maintain actions in ejectment for the recovery of the real estate of their decedents. The right of the administrator to the possession of the real estate of the deceased for any purpose whatever being in contravention of the common law, statutory authority to take possession must be directly and clearly conferred, or he must fail in any action instituted by him for that purpose.

While the doctrine of stare decisis may not be binding upon this court in this case, yet we think the decisions of the highest court of the state of Oregon in construing the statutes quoted should not be departed from, without the gravest reasons for so doing. "Where the legislature of one state adopts by enactment the statute of another state, it may be said, as a general rule, that the courts adopt the construction put upon such statute by the courts of the state from which it was taken; this, upon the presumption that the legislature was familiar with the construction put upon the statute in the state from which it was taken." 23 Am. & Eng. Enc. Law, p. 24, and authorities cited. Applying this principle to the case at bar, and remembering that the congress extended the laws of the state of Oregon in force May 17, 1884, to Alaska, and that the supreme court of that state had in more than one case passed upon the statutes being construed in this case, prior to that date, we must presume that the congress was familiar with the construction put upon these statutes, and the decisions of that court should therefore have great weight with us. In 1873 the supreme court of Oregon, in the case of King v. Boyd, 4 Or. 327, decided that an administrator had no authority to institute a suit to set aside a conveyance of real estate made by his decedent in his lifetime, without leave first had and obtained from the county court, or judge thereof. While the case is not identical with the one at bar, the reasoning of the court is in point. The court says:

"We think it would be an unwise and unwarranted construction of the authority of executors or administrators to infer from any language found in

the statute on that subject that they might, upon their own motion, institute suits to set aside conveyances, or remove clouds from titles to real estate, without any showing, as a condition precedent, that the possession of the same was wrongfully withheld, or that there was any necessity for selling the same, or any part thereof, to satisfy claims against the estate."

This language will appear all the more pertinent to the case at bar when it is remembered that the pleadings disclose the fact that the deceased had been dead nearly nine years before this action was brought; that two administrators have been appointed to administer the estate; that more than five years elapsed after the alleged trespass of defendants before this action was instituted; that there is no allegation that the land in question is needed to pay the debts of the estate, or, in fact, that there are any creditors of the estate whatever. The administrator's right of possession of the real estate of his decedent is for the purpose of administration only. These purposes are almost, if not quite, wholly to enable the administrator to apply the rents and profits, or, if need be, the proceeds derived from a sale, of the real estate, to the payment of the debts, and to distribute the remainder to the heirs. If there be no debts, as in this case, the bald right to distribute the estate to the heirs, alone, remains to the administrator; and for the purpose of exercising this right, only, an administrator is not warranted in bringing an action in ejectment. We can but commend the following language used by the court in King v. Boyd, supra.

"No one is better qualified to litigate the title to real estate than the person who owns it. An administrator, who has no direct interest in the result of a suit,—who personally loses nothing if the suit be injudiciously instituted and adversely determined,—is not as safe a person to intrust with the right to litigate as he who is the owner of the property which is the subject of litigation, and the one who must suffer if the determination of the cause be adverse to him. A due regard for the rights of both heirs and creditors of estates, we think, demands that the limitations of our statute on the authority of executors and administrators to institute suits affecting the title to real estate should be carefully guarded, so that estates may not be subject to be consumed by the costs and expenses of ill-advised lawsuits."

In Humphreys v. Taylor, 5 Or. 261, the supreme court of that state holds specifically that executors and administrators have not such an estate in the lands of the deceased as will enable them to maintain actions for the possession thereof. And we know of no case since these quoted where that court has reversed or modified these decisions. Counsel for plaintiff quotes Butler v. Smith, 20 Or. 130, 25 Pac. 381, claiming it to be in conflict with Humphreys v. Taylor; but, upon a careful examination of that case, we cannot concur in this contention of counsel. The case of Starr v. Murray, tried in this court some years ago, although not reported, turned upon the identical points raised in this case; and this court then held that Starr, as administrator, could not maintain his action.

Upon the argument of the case, counsel for plaintiff maintained that, even if the administrator could not maintain this action alone, in his representative capacity, he might do so jointly with the heirs. But, if there be no creditors,—no debts to pay,—we can see no reason why the estate should not be closed, nor why the heirs are not the proper persons to bring the action. However, we will give the plain-

tiff 30 days from the filing of this opinion in which to file an amended complaint. If none be filed within that time, the action will be dismissed for the reasons herein stated.