Argued March 14, modified March 20, rehearing and motion to retax costs denied April 10, 1917.

## WUCHTER v. FITZGERALD.

(163 Pac. 819.)

**Pleading—Amendment During Trial—Discretion of Court.**

1. There was no abuse of discretion in allowing an amendment to complaint during trial where it did not change the cause of action.

[As to how far amendments to pleading are allowable when they alter or vary the cause of action, see notes in 34 Am. Dec. 158; 51 Am. St. Rep. 414.]

**Work and Labor—Admission of Evidence.**

2. Where complaint alleged an express contract for clearing defendants' land at a specified compensation, which defendants prevented plaintiff from completing, and claiming *quantum meruit* for work done, evidence showing reasonable value of work was admissible.

**Work and Labor—Sufficiency of Complaint.**

3. Complaint for clearing plaintiff's land, alleging a special contract which defendants prevented plaintiff from completing, and asking reasonable value of work done, *held* sufficient, though not a model complaint.

**Pleading—Complaint—Construction After Verdict.**

4. In absence of a general demurrer to a complaint, it is to be liberally construed, particularly after verdict.

**Work and Labor—Express Contract—Part Performance.**

5. Where one performs services on special contract, and for any reason except voluntary abandonment fails to comply therewith, and such compliance becomes impracticable, and the services have been of value, recovery of reasonable value may be had for work done.

**Work and Labor—Amount of Recovery—Express Contract.**

6. The limit of plaintiff's recovery in *quantum meruit* in action for clearing defendants' land under a special contract, which defendants prevented plaintiff from completing, is the contract price.

From Multnomah: ROBERT G. MORROW, Judge.

Action by John Wuchter against Charles Fitzgerald and Robert Fitzgerald to recover for labor. From a judgment in favor of plaintiff, defendants appeal.

MODIFIED.

Department 1.    Statement by MR. JUSTICE BENSON.

This is an action to recover for the value of services rendered. The substance of the complaint is that on the first day of June, 1913, plaintiff and defendants entered into a contract whereby plaintiff agreed to clear a certain tract of land with the assistance of the defendants and to have the work completed within about 8 months from that time for the sum of $400; that it was agreed that defendants were to furnish a team of horses for the purpose of dragging the logs and stumps together for effective burning, and that plaintiff was to have half of the amount due for the clearing of each acre as it should be ready for the plow; that defendants failed and refused to furnish the team of horses as stipulated and refused to pay plaintiff more

83 Or.—43

than $135 on the agreed price; that plaintiff was thereby hindered, delayed and prevented from completing the work and removing the roots from the land after it was plowed. Then follows this allegation:

"That since plaintiff ceased to work upon said lands, the defendants have made use of and been benefited by the work and labor rendered by the plaintiff and by the material furnished by him, and the defendants have plowed and cultivated the said land, and are now growing crops on the same, and have been benefited in the sum of $438 as a result of the work and labor performed and the material furnished by the plaintiff as a partial compliance with the said contract; and that plaintiff could have and would have fully complied with the said contract had defendants not failed and refuse to keep and perform their duty and obligations as above alleged; and that defendants have paid plaintiff the sum of $135 and no more; and that by reason of the above allegations defendants are indebted to plaintiff in the sum of $353."

The complaint concludes with the prayer for judgment in the sum of $353.

The answer admits entering into a contract but alleges that it was in writing and sets it out in full as follows:

"Cleone, Oregon, June 1st, 1913.

"This is to certify that we, the Fitzgerald Bros. (Charles and Robert), party of the first part agree to pay to Mr. John Wuchter, party of the second part ($400.00) four hundred dollars for the grubbing and clearing of a certain strip of land near our east line on Blue Lake Ridge consisting of (4¾) four and three quarters acres, which is to be completed in about (8) eight months from date. Party of the first part is to pay for same one-half of the amount due per acre at the completion of each acre after the first acre is completed, balance due, or one-half of same at finish of job when ground is plowed also party of the second part agrees to follow plow when plowed to clear the ground

of all roots. Signed by first part. Charles Fitzgerald, Robert Fitzgerald. Party of second part. John Wuchter."

This is followed by a denial of the other allegations of the complaint. There was no reply. A trial being had, a verdict and judgment were entered for the plaintiff in the sum of $305, from which defendants appeal.

MODIFIED. REHEARING AND MOTION TO RETAX COSTS DENIED.

For appellants there was a brief and an oral argument by *Mr. W. L. Cooper.*

For respondent there was a brief and an oral argument by *Mr. Wm. M. La Force.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. During the trial the court permitted the plaintiff over the objection of defendants to amend his complaint by inserting this paragraph.

"That defendants breached and broke said contract in that they failed and refused to plow said land as it was cleared and grubbed and made ready for plowing, as in said contract they had agreed to do, and this prevented plaintiff from following the plow and removing the roots from said land."

The action of the court in permitting the amendment is assigned as error but since it does not change the cause of action we cannot discover any abuse of discretion therein.

2, 3. It is next insisted that the court erred in admitting any evidence of the reasonable value of the services rendered for the reason that the contract was

in writing and that therefore the plaintiff could not recover upon a *quantum meruit.* The complaint cannot be regarded as a model, but from its allegations it can be gathered that there was an express contract with a specified compensation and mutual obligations; that by the wrongful acts of defendants plaintiff was prevented from fully performing the same upon his part, and there is a manifest effort to plead a claim for the reasonable value of his services.

4, 5. The pleading is undoubtedly vulnerable to a general demurrer; but, in the absence of such an attack, it is to be liberally construed, particularly after verdict. It has been definitely settled by this court in a long line of decisions beginning with *Tribou* v. *Strowbridge,* 7 Or. 156, that where one performs service for another on a special contract, and for any reason except a voluntary abandonment fails to comply with his contract, and such compliance becomes impracticable and the service has been of value to him for whom it was rendered, he may recover for such service its reasonable value. This is exactly what the plaintiff's complaint seeks in this case so there was no error in admitting such evidence.

6. It is also urged that the court erred in charging the jury as follows:

"The court instructs the jury that before they can find for the plaintiff in any amount they must find that the defendants have broken the contract and that plaintiff has not broken the contract. That if the evidence showed that plaintiff had broken the contract that he could not recover anything. That if the jury find that plaintiff has not broken the contract but that defendants have broken the contract the plaintiff could recover such sum as was reasonably worth for the work done and the amount of the benefits the defendants received from the plaintiff's work, not exceeding the sum stated in the complaint. You are instructed

that the measure of damage in this case is the reasonable value of the services rendered by the plaintiff to the defendants. You are not to consider what the plaintiff had to pay for board or what he had to pay for powder, but whatever the work was reasonably worth without regard to the contract price.''

The testimony was not reported and these are the only instructions disclosed by the record. The only error to which our attention has been called relates to the measure of damages and as to that point the charge is incorrect. The weight of authority is to the effect that the limit of the plaintiff's recovery in an action like this is the contract price: 5 C. J. 1411; *Cozad* v. *Elam,* 115 Mo. App. 136 (91 S. W. 434); *Reifschneider* v. *Beck,* 148 Mo. App. 725 (129 S. W. 232); *Edward Thompson Co.* v. *Kollmeyer,* 46 Ind. App. 400 (92 N. E. 660); *Massey* v. *Taylor, Wood & Co.,* 45 Tenn. 447 (98 Am. Dec. 429). The agreed compensation was $400 and the plaintiff admits the receipt of $135, therefore the limit of recovery must be $265. As the judgment is $40 in excess of the latter sum it is to that extent erroneous, and we shall modify the same by reducing it to $265. With this modification the judgment is affirmed.

MODIFIED. REHEARING AND MOTION TO RETAX COSTS DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.