Argued November 15, affirmed November 20, 1917.

# EASTON *v.* QUACKENBUSH.

(168 Pac. 631.)

**Contracts—Actions—Pleading—Performance by Plaintiff.**

1. Under Section 88, L. O. L., providing that in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but that it may be stated generally that the party duly performed all the conditions on his part, and that if such allegation be controverted, the party pleading shall be bound to establish the facts showing performance, a complaint alleging the making of a contract, that plaintiff had fully performed it on his part, and that defendant had not paid any of the specified price, except a certain amount credited thereon, stated a cause of action.

**Appeal and Error—Harmless Error—Variance.**

2. In an action on a contract to do grubbing in a manner acceptable to defendant, the admission of evidence that defendant's refusal to accept the work was arbitrary and in bad faith, if erroneous, as not within the complaint, was harmless, where the answer offered to permit judgment to be taken in a specified amount, thereby authorizing a recovery on the *quantum meruit.*

**Judgment—Offer of Judgment—Effect.**

3. The court could in no event direct a verdict for defendant where, in his answer, he offered to permit judgment in plaintiff's favor in an amount specified.

**New Trial—Motion—Specification of Errors.**

4. A motion for a new trial for irregularity in the proceedings of the jury, insufficiency of the evidence to justify the verdict, and that it was against the law, and for errors in law occurring at the trial and excepted to, was so indefinite that the court was justified in refusing to allow it.

**Pleading—Cure by Subsequent Pleading—Defects in Complaint.**

5. Where an essential fact has been omitted from the complaint, an issue as to such fact made by the answer and reply cures the defect.

**Work and Labor—Effect of Express Contract.**

6. If one operating under a special contract performs service for another which is of value to the latter, recovery may be had therefor on the *quantum meruit,* unless there has been a willful abandonment of the undertaking.

**Pleading—Cure by Subsequent Pleading—Defects in Complaint.**

7. Conceding that in an action for the value of labor performed by plaintiff at defendant's request, the complaint failed to state a cause of action on *quantum meruit* because of its failure to allege that the work performed was of any value to defendant, the defect was cured, where the answer alleged a written contract between

the parties, that plaintiff had failed to complete the work in particulars therein specified, and that the work performed was worth not to exceed a sum specified and offered to permit judgment for the excess of the sum so specified over the amount already paid, and the reply admitted the agreement as alleged, but denied the ·remainder of the allegations of the answer.

**Pleading—Reply—Departure.**

8. Though if the matter of reasonable value had been suggested for the first time in the reply, this would have been a fatal departure, it was not a departure where plaintiff merely followed defendant's lead in departing from the complaint.

From Washington: GEORGE R. BAGLEY, Judge.

Department 1.     Statement by MR. JUSTICE BURNETT.

This is an appeal by the defendant on what is to him an adverse margin of forty-eight cents in the amount of the verdict. The plaintiff alleges the making of a written contract between the parties whereby he was to do some grubbing for the defendant "the whole work to be done in a thorough manner, acceptable to the said E. Quackenbush." The stipulated price was $150, to be paid on completion of the task. The complaint states "that plaintiff has fully performed said contract upon his part to be kept and performed."

Another cause of action was for labor by the plaintiff for the defendant at the special instance and request of the latter.

The answer first denied all the allegations of the complaint without reserve and then set forth the written contract as stated in the complaint, barring a few minor verbal differences not altering the effect of the instrument. The pleading then states:

"That the plaintiff entered upon the performance of said contract, but has failed to finish the same as and when therein provided, in this, that he has failed to remove the roots and debris from said ground and to put the same in a condition ready for the plow or scraper.

"That the entire work and services rendered by the plaintiff for the defendant are not worth to exceed the sum of $110; that defendant has paid the plaintiff the sum of $50 thereon, and hereby offers to permit a judgment to be entered against him in the sum of $60 and the accrued costs and disbursements up to this date."

The reply admitted the agreement as stated according to its tenor in the answer, but denied the remainder of that pleading. A day or two before the trial upon the issues thus formed, the defendant served upon plaintiff an offer to allow judgment to be taken against the former upon all the matters alleged in the complaint for the sum of $100, which was refused. This offer was not filed until after the trial. The jury found a verdict for the plaintiff in the sum of $100.48, upon which judgment was rendered. The defendant filed a motion for a new trial specifying his reasons in these words:

"1. Irregularity in the proceedings of the jury.

"2. Insufficiency of the evidence to justify the verdict and that it is against the law.

"3. Errors in law occurring at the trial and excepted to by the defendant."

This motion was overruled. On the appeal the defendant specifies the errors relied upon thus:

"1. The court erred in receiving any testimony to support plaintiff's first cause of action, because said complaint does not state facts sufficient to constitute a cause of action.

"2. The court erred in permitting the plaintiff to testify that the defendant arbitrarily and in bad faith refused to accept said work, because said complaint does not lay a foundation to entitle such testimony.

"3. The court erred in refusing to instruct a verdict for the defendant as to the first cause of action.

"4. The court erred in refusing to set aside the judgment and grant appellant a new trial."

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Bronaugh & Bronaugh* and *Mr. Franklin F. Korell,* with an oral argument by *Mr. Jerry E. Bronaugh.*

For respondent there was a brief over the name of *Messrs. Westbrook & Westbrook,* with an oral argument by *Mr. Henry S. Westbrook.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1–4. For the first assignment of error it is enough to say that the complaint does state a cause of action in that it avers the making of the contract; that the plaintiff has fully performed the same upon his part; and that the defendant has not paid any of the specified price except a certain amount credited thereon.

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish on the trial the facts showing such performance": Section 88, L. O. L.

Without reference to the matter of proof the declaration of the plaintiff was sufficient as a matter of pleading. In the view we take of this case the second specification amounts merely to harmless error. Under the pleadings as framed, the court could not in any event direct a verdict for the defendant because he himself had tendered a judgment in favor

of the adverse party. The motion for a new trial was so indefinite that the court was justified in refusing to allow it.

5, 6. Treating the case upon what we deem the merits, we note first as to the pleadings that, as stated in *Catlin* v. *Jones,* 48 Or. 158 (85 Pac. 515), where an essential fact has been omitted from the complaint an issue as to such fact made by the answer and reply cures the defect in the complaint. The same doctrine is taught in *Treadgold* v. *Willard,* 81 Or. 658 (160 Pac. 803).

Another well-settled principle is that if one operating under a special contract performs service for another which is of value to the latter, recovery may be had for the same on the *quantum meruit,* unless there has been a willful abandonment of the undertaking by the party doing the work: *Tribou* v. *Strowbridge,* 7 Or. 156; *West* v. *McDonald,* 64 Or. 203 (127 Pac. 784, 128 Pac. 818); *Wuchter* v. *Fitzgerald,* 83 Or. 672 (163 Pac. 819).

7, 8. Conceding, as we must, that the complaint was devoid of an allegation that the labor performed was of any value to the defendant, yet it is clear that, under the authorities already cited, the answer supplied that defect and invited investigation on that basis. The plaintiff accepted the issue thus tendered with the result already stated. The position now assumed by the defendant would have been *apropos* if he had been discreet enough to rely upon his denial of performance and put the plaintiff upon his proof of his allegation in that respect; or if, in the abundance of caution in addition thereto he had merely pointed out wherein the alleged performance of the contract was not in accordance with the terms thereof. It is apparent, however, that the answer recognizes the labor of the

plaintiff as of material value to the defendant, and, accordingly raises a question on that subject. Now at this juncture the defendant cannot complain of his defeat in the contest which he himself has invited. Had the matter of reasonable value been suggested for the first time in the reply it would have been a departure disastrous to the plaintiff. It is not so, however, when the defendant is the first to stray from the course of litigation initiated in the complaint and wander upon a new path. In such an instance the plaintiff is not at fault if he follows the defendant's lead. In short, while the complaint is defective as one declaring upon the *quantum meruit,* yet that fault is aided by the answer in the respect mentioned. For these reasons the judgment must be affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.