Argued July 3, motion to dismiss denied July 21, modified September 16, 1924.

# JOSEPH WOLKE and WILLIAM SCHROEDER v. JOE SCHMIDT and LOU E. SCHMIDT.

## (228 Pac. 921.)

**Mechanics' Liens—Weight of Testimony Against Claim That Contract Proportions were Followed in Cement Floor.**

1. Weight of testimony in suit to enforce lien for laying cement floor *held* against plaintiffs' contention that they used the contract proportion of cement.

**Mechanics' Liens—Proof of Performance of Contract as Alleged Necessary.**

2. Lien will not be enforced, plaintiffs failing to prove performance according to its terms of the express contract averred; such performance being alleged by them and denied by defendants.

**Dismissal and Nonsuit—Where Determination is After Full Hearing, No Dismissal Without Prejudice—"Failure of Proof."**

3. Where, after full hearing in lien suit, it appears that plaintiff's contention as to substantial performance of contract is not true, dismissal should, under Section 411, Or. L., be with effect of preventing lien foreclosure or judgment as on express contract performed; case not being within proviso for dismissal without prejudice, where determination that plaintiffs are not entitled to relief claimed is on account of "failure of proof."

**Dismissal and Nonsuit—Dismissal Without Prejudice Authorized Only on Motion of Plaintiff.**

4. Dismissal without prejudice is authorized by Section 411, Or. L., only on motion of plaintiff.

From Josephine: F. M. Calkins, Judge.

Department 2.

### Motion to Dismiss Denied. Modified.

For appellants there was a brief and oral argument by *Mr. C. A. Sidler.*

For respondents there was a brief over the name of *Mr. W. T. Miller,* with an oral argument by *Mr. A. C. Hough.*

---

2. Failure to comply with contract as defense to claim of mechanic's lien, see note in Ann. Cas. 1916E, 549.

BURNETT, J.—This is a suit to foreclose a mechanic's lien. The complaint avers that the defendants are the owners of four lots in a certain block in Grants Pass and that the parties to this suit entered into a contract by which, in consideration of the promise of the defendants to pay thirteen cents per square foot, the plaintiffs were to lay a concrete floor in a building then being erected on the four lots mentioned, to be made of cement, sand and gravel, the base of which was to be one part of cement to three parts of sand and five parts of gravel and the top coating or finish to be one-half inch thick, composed of one part of cement and two parts of sand, the whole floor when completed to be four inches thick. The complaint alleges that the plaintiffs have performed all their obligations in said contract, having laid the floor as agreed consisting of 6,944 square feet for which they claim to be due from the defendants $902.72. The usual averment is made about the filing and recording of the notice of lien and notice of plaintiffs' intention to commence suit to foreclose, together with a claim of $100 for attorney's fees. The prayer is for a decree for the amount claimed as principal and attorney's fees and a foreclosure of the lien upon all four lots, together with the sale thereof for the satisfaction of the decree.

The answer admits the ownership of the four lots, the filing of the claim of lien, the notice of intention to commence suit, but denies the other allegations of the complaint. It further alleges the contract to lay a floor of concrete on a level with a floor already laid in the building which the answer says was situated upon only three of the lots mentioned in the com-. plaint, the base of the floor to be one part cement, three parts sand and five parts gravel, three and a half

inches thick and the top to be one part cement and two parts sand, one-half inch in thickness; the contractor to furnish the material and labor necessary to lay the floor in a good, workmanlike manner. It is then charged in substance that the contractor entered upon the performance of the contract but breached the same in that he did not use sufficient cement called for by the contract but left out the agreed amount so that the base is no different than loose gravel; that the top dressing contained more sand and less cement than agreed upon so that it is porous, and crumbles and scales; that none of the faults alluded to would have occurred if the contract had been performed as agreed upon; that the floor as laid contained only 6,844 square feet and that none of it was laid on a level with the floor already there. The answer also avers that the defendants would be obliged to tear up and remove the floor in consequence of which they are damaged in the sum of $250 and that they are further damaged in the sum of $50 for loss of the use of the floor while it is being replaced.

The reply denies the allegations of the answer except as mentioned in the complaint. The cause was heard by the court on the pleadings and testimony. Findings were made to the effect that the plaintiffs had failed to prove fulfillment of their contract by using in the work the agreed amount of cement and that the defendants had failed to prove the damages alleged in their answer. The decree was

"That the complaint herein be dismissed without prejudice and the defendants shall be entitled to their costs and disbursements herein."

The defendants appealed, claiming that the decree should have been entered dismissing the suit unconditionally, omitting the phrase "without prejudice."

1. The parties agree as to the specifications about the proportions of cement and sand and gravel to be used in the construction of the floor. The testimony for the plaintiff is to the effect that he instructed his employees to mix the materials in the proportion of one part of cement to seven parts of sand and gravel; and some of his workmen testify to that effect. The evidence on behalf of the defendant is that a chemical analysis showed only 3.63 per cent of cement whereas the mixture contracted for would contain 9.13 per cent. The witnesses, speaking for the plaintiff about measurement of materials said that when beginning the work they had measured the sand and gravel in a cement sack, emptying it into a wheelbarrow and thereafter they measured the material in a wheelbarrow. This does not appear to be a very accurate formula for that purpose and in our judgment must yield to the actual chemical analysis made by an expert in such matters. Another witness, whose qualifications were recommended by one of the plaintiffs himself, examined the work and testified that he was experienced in cement construction; that the base of the floor in question readily crumbled so that at the time he inspected it, about a month after it was laid, it was impossible to get a solid specimen for examination; that it was very easy to drive a bar through the floor; and that one could stick a knife into it. He gave as his opinion that the proportion used in the construction of the floor was one part of cement to about fifteen or sixteen parts of gravel. It appears by the testimony of one of the plaintiffs that he thought he used 315 sacks of cement in the work. His employee who had charge of the cement says he used 296 sacks. The contractor, who laid the floor already there, computed the amount of cement requisite to lay

the floor in question according to contract specifications at 477 sacks. The trial judge had the advantage of seeing and hearing the witnesses and of making a personal examination of the floor in question entitling his findings of fact to our careful consideration in view of which and of the testimony which has been carefully read, we are of the opinion that the weight of testimony is against the contention of the plaintiffs that they used the contract proportion of cement in laying the floor.

2. Having contracted for a floor of a certain consistency, the defendants are entitled to have what they contracted for. The plaintiffs have alleged an express contract and have averred that they performed the contract as it was stipulated. The proof does not sustain the truth of their allegation of performance. The case is governed by the principles announced in *Maynard* v. *Lange,* 71 Or. 560 (143 Pac. 648, Ann. Cas. 1916E, 547, and note). That was a case for the enforcement and foreclosure of a contractor's lien but, as in the instant case, the plaintiff failed to prove the allegation of performance and hence failed to enforce the lien. It was there said:

"Having alleged performance of the contract, and it having been denied by the defendant, it was incumbent upon the plaintiffs to prove the allegation as laid, under the statute that 'evidence shall correspond with the substance of the material allegations' and 'each party shall prove his own affirmative allegations': Sections 725 and 726, L. O. L.; *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888); *Young* v. *Stickney,* 46 Or. 101 (79 Pac. 345); *Richardson* v. *Investment Co.,* 66 Or. 353 (133 Pac. 773)."

Having agreed with the findings of fact made by the Circuit Court, the question is as to the proper disposition of this suit to foreclose the lien.

"Whenever, upon the trial, it is determined that the plaintiff is not entitled to the relief claimed or any part thereof, a decree shall be given dismissing the suit and such decree shall have the effect to bar another suit for the same cause or any part thereof unless such determination be on account of a failure of proof on the part of the plaintiff in which case the court may, on motion of such plaintiff, give such decree without prejudice to another suit by the plaintiff for the same cause or any part thereof." Or. L., § 411.

3, 4. Bearing in mind that this is a suit to foreclose a lien upon an express contract and not an action at law on the *quantum meruit,* we must adhere to the principle established in our own precedents that a lien cannot be enforced unless the lien claimant shows substantial compliance with the contract under which his services were rendered or materials furnished. A proper disposition of the case therefore was to dismiss the suit entailing the consequence provided by the statute of barring another suit from the same cause. This is true for the additional reason that, under the section of the Code already quoted, the court is not authorized to dismiss the suit without prejudice except on the motion of the plaintiff. There is no motion of that kind in this case; neither is there any showing either in allegation or proof that would authorize the court, if otherwise proper, to render a decree on the *quantum meruit.* Under some circumstances "failure of proof" may mean that for want of witnesses present to testify in support of an otherwise good cause of action, the plaintiff cannot make out his case. Other illustrations will readily suggest themselves. In such an instance, if on his motion to dismiss without prejudice, he can convince the court of the merit of his contention, the decree should be

rendered accordingly. The matter is essentially different, however, where after full hearing it appears by a preponderance of the evidence that the contention of the plaintiff is not true. To dismiss without prejudice in such a case would be to encourage litigation which is the abhorrence of the law.

It is true that the conclusion reached in *Maynard* v. *Lange* was

"that the plaintiffs cannot prevail in this suit to foreclose their lien, but must be remitted to such action at law, either on the contract or upon the *quantum meruit,* as they may think proper in the premises."

The decree in that case, however, was a final one dismissing the suit without any qualification and that decree was affirmed, the effect of which was to bar another suit for the foreclosure of the lien and the sense of the concluding clause therein is to save the possible rights of the plaintiffs to recover for what they did under the contract of value to the defendant, less the damages he suffered, although they did not comply with the agreement in some respects, short of willful abandonment: *Tribou* v. *Strowbridge,* 7 Or. 156; *Steeples* v. *Newton,* 7 Or. 110 (33 Am. Rep. 705); *Todd* v. *Huntington,* 13 Or. 9 (4 Pac. 295); *Grove* v. *Island City M. & M. Co.,* 19 Or. 363 (24 Pac. 521); *Murray's Estate,* 56 Or. 132 (107 Pac. 19); *West* v. *McDonald,* 64 Or. 203 (127 Pac. 784, 128 Pac. 818); *Wuchter* v. *Fitzgerald,* 83 Or. 672 (163 Pac. 819); *Easton* v. *Quackenbush,* 86 Or. 374 (168 Pac. 631); *Rose* v. *United States Lumber & Box Co.,* 108 Or. 237 (215 Pac. 171). As a result of this decree, the plaintiff can neither foreclose a lien nor recover judgment as upon an express contract which they have performed. That is all that is directly determined here. Whether they can recover on the *quantum meruit*

either directly or over a counterclaim for damages which the defendants may assert is not here decided or intimated. The decree is therefore modified so as to dismiss the suit without condition, leaving it to be a bar against the foreclosure of the lien or the recovery as for contract specifically performed. The appellant will recover costs in this court.

MOTION TO DISMISS DENIED.   MODIFIED.

MCBRIDE, C. J., and BROWN, J., concur.