## GILLIS v. GILLETTE et al.
### No. 12145.

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1949.

---

C. C. Tanner, Nome, Alaska, for appellant.

Chellis Carpenter, San Francisco, Cal., for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

Appellant, Gillis, brought this action in the District Court for the Territory of Alaska to recover from appellees, Gillette and wife, judgment in the sum of $1,746.83 plus interest, costs and attorney's fee, and to enforce said judgment by foreclosure of a labor and material lien which had theretofore been filed against appellees' real property. The $1,746.83 was alleged to represent the difference between the reasonable value ($2,746.83) of labor and materials furnished by Gillis in moving, altering and repairing a house owned by the Gillettes, and a $1,000.00 payment theretofore made by appellees.

Appellees' answer admitted that a purported lien had been filed by appellant and that appellees had paid the $1,000.00 to appellant, and denied other allegations in the complaint. By way of cross complaint appellees alleged that the parties had entered into an agreement whereby appellant was to move, alter and repair appellees' house for the sum of $2,872.28, the work to be completed in October, 1946. Appellant was to furnish the labor and appellees to provide the materials. They further alleged that the house was not moved until November 12, 1946 (after freezing weather) and that certain alterations and repairs were not completed by appellant; that by reason of appellant's delay, failure to complete the work, and negligent performance of work done appellees had sustained damages in the total sum of $2,597.14, whereupon they prayed for judgment in the sum of $724.86. (This latter amount clearly represents the difference between the alleged damages ($2,597.14) and the unpaid amount of the contract price ($1,872.28).)

The court made Findings of Fact and Conclusions of Law and entered judgment thereon. The material Findings, briefly stated, were that the parties had entered into an agreement as alleged in appellees' answer, that appellant had abandoned the work before completion, that as the result of appellant's breaches appellees had sustained various items of damage in the total sum of $817.25 (most of which represented the cost of completing the work), and that appellant had furnished, at the request of appellees, materials to the value of $526.08.

The court's Conclusions of Law were that appellant was entitled to judgment in the sum of $526.08 (the value of materials furnished by him; no recovery for labor was allowed), that appellees were entitled to judgment on their cross complaint in the sum of $817.25, that neither party was entitled to attorney's fee or costs, and that "on settlement," the lien filed by appellant

would be discharged. Judgment was entered in accordance with these conclusions.

Appellant contends that the Conclusions of Law are inconsistent with, and not supported by, the Findings of Fact entered by the court. We agree with this contention.

One of the issues of this case as disclosed by the pleadings concerns whether or not appellant's abandonment was willful or whether it was done in compliance with appellees' request. In his reply appellant asserted that he had stopped work because ordered so to do by Mrs. Gillette. The trial court should have made a finding on this issue.

In other respects the Findings appear to be inconsistent. The court found that under the terms of the agreement all of the materials were to be furnished by *appellees*. In another finding it found that *appellant* had furnished materials at the request of appellees to the value of $526.08, and judgment for this amount was entered for appellant. Since these materials were furnished "in the moving operations," they may have been furnished as the result of and in compliance with a modification of the original agreement. The trial court should make a finding concerning the question of whether these materials were furnished in compliance with a modification of the original agreement or in compliance with a new and separate agreement.

If the court finds that the materials were furnished by appellant under a separate agreement (to furnish materials) then the court should further find whether or not the claim of lien for these materials was filed within the proper period of time after appellant ceased to furnish the materials.

Without additional findings of the character above indicated, we are unable to determine the validity of the Conclusions of Law and the Judgment. The case is therefore remanded to the trial court with directions to enter such further Findings with leave to amend the Conclusions of Law and Judgment to conform to the Findings.