**GILLIS v. GILLETTE et al.**

No. 12145.

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1950.

C. C. Tanner, Nome, Alaska, for appellant.

Chellis Carpenter, San Francisco, Cal., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This case was before us on a previous appeal, 177 F.2d 7, and was remanded with directions to make and enter further findings indicating: (1) whether appellant Gillis willfully abandoned the work before completion or abandoned it in compliance with a request made by appellee, Mrs. Gillette, (2) whether certain materials furnished for the job were furnished in compliance with a modification of an original agreement between the parties or in compliance with a new and separate agreement, and (3) if the court finds that the materials above mentioned were furnished by Gillis under a separate agreement to supply such materials, then to further find whether or not the Gillis claim of *lien for these materials* was filed within the proper time after ceasing to furnish *them.*

The present appeal is from the final judgment entered after the court had reconsidered the pleadings and evidence and made new findings and conclusions, including therein the findings and conclusions specifically required by our order.[1] The findings and conclusions now before us appear to cover in sufficient detail the material fact issues involved in the case.

In respect to the contract or contracts between the parties, the court, in its Finding No. 3, found among other matters:

"That on August 8, 1946, plaintiff undertook to pour a full concrete basement on the land described in paragraph II hereof, to move defendants' dwelling house from its then location on the south side of Front Street in Nome, Alaska, across the street to the land described in paragraph II hereof, and to construct an addition to said dwelling house, as shown and directed by the defendants; that by the terms of the agreement, the dwelling house was to be moved in October, 1946. That the moving operations, the pouring of the full concrete basement at the new site of the dwelling house and the construction of the addition thereto were to cost the defendants the sum of Two Thousand Eight Hundred Seventy-two and 28/100 ($2872.28) Dollars. That on October 10, 1946, defendants paid to plaintiff the sum of One Thousand ($1,000.00) Dollars to apply upon the total cost. That plaintiff did not move the dwelling house during the month of October, 1946, and not until freezing weather had set in, approximately November 12, 1946; that plaintiff continued to work on said dwelling from time to time until December 15, 1946, at which time he abandoned the work, leaving it unfinished in the following particulars: * * *"[2]

In response to the requirement of our order remanding the cause for additional findings on three fact issues the court found (as noted in its Finding No. 3) (1) that appellant continued to work on appellees' dwelling house "from time to time" until December 15, 1946, at which time he "abandoned" the work, leaving the said dwelling unfinished in the five certain particulars set out in Note 2 and that this abandonment "was willful and without cause"; (2) that during "the moving and building opera-

---

1. After the trial of the case the court took it under advisement for about three months during which period of time trial counsel for appellees died. A memorandum of decision was then served upon both parties by the court. Counsel for appellant refused to prepare and tender proposed Findings of Fact, Conclusions and Judgment. After remand by this court the trial court was not aided by any suggestion from the parties in this action regarding the form and contents of its Findings of Fact, Conclusions of Law and Judgment which come to us on this second appeal.

2. Failure to complete the full concrete basement; leaving the house unbraced causing it to sag so main floor doors would not open; failure to replace a cornice cut off in moving operations; negligently covering a sump in the basement excavation, and failure to complete an addition to the dwelling to be used as a dining room.

tions" appellant (with the consent of appellees, and as a separate agreement from that in which appellees were to furnish all materials to be used in such operations) did supply at his own cost certain extra services and supplies of the reasonable value of $526.08 in the securing and purchase of which appellant acted as the agent and for the benefit of appellees and (3) that all of said services and supplies were furnished between the 12th day of November, 1946, and the 15th day of December, 1946, and the last of said *supplies* was furnished sometime *prior* to the 15th day of December, 1946, *and more than ninety days prior to the filing of the purported lien herein.*[3]

In covering other pertinent matters the court also made further findings: (1) that in the latter part of January, 1947, appellant informed appellees that he was going to do nothing further upon appellees' dwelling house or the concrete basement thereof, and then "quit and withdrew from the premises"; (2) that thereafter appellees completed the concrete basement at a reasonable cost of $327.50; (3) that appellant left the dwelling house "unbraced" so that it sagged five inches in the center in consequence of which the doors on the main floor would not open, all of which required appellees to have the building raised and five bracing posts put under it which work cost $190.00; (4) that appellees had thawed and excavated a sump in the basement of said dwelling at a cost of $39.75 which sump the appellant wantonly and negligently filled in and made it a total loss to appellees; (5) that plaintiff failed, neglected and refused to complete the addition to said dwelling house to be used as a dining room and defendants were compelled to complete the same at a cost of $260.00; (6) that appellant, in moving appellees' dwelling house, cut off one corner of the same and neglected and refused to repair this damage and the reasonable cost of repair will be $100.00.

The total amount of the last five items of costs claimed as damages by appellees and noted in the preceding paragraph is $917.25.

They are the items referred to in Note 2, and it is evident from the record and the findings that the court was fully persuaded, and we think correctly so, that by an expenditure of $917.25 the appellees were able to complete the work on their dwelling house which was required to be done under their contract with appellant, a contract which he wilfully abandoned without cause before completion of the work agreed upon.

Other specific findings which dispose of certain contentions in the case are that appellant did not remove a certain pressure pump from appellees' dwelling house or property; that appellant was not shown to be responsible for having left the basement open, or for any damage by frost to the basement floor and the plumbing, or responsible for negligently pouring the concrete basement walls without proper foundation, or for appellees' room rent during the moving operations. Appellees claimed (and the court rejected the claim) that the matters and things referred to in this paragraph represented compensable injuries suffered by them by reason of appellant's acts. The total loss so claimed by appellees amounted to $1169.89. We think that the court properly rejected these claims of appellees.

Upon the facts so found the court entered Conclusions of Law reciting generally therein that appellant is not entitled to a judgment of foreclosure of his lien for labor furnished and material supplied, and that his purported lien should be discharged and cancelled of record; that appellant is entitled to judgment for $526.08 which sum represents the value of the *materials* furnished and paid for by him, these being supplied at the request of the appellees; that appellees are entitled to judgment in the sum of $917.25 which amount represents the damages (noted above) claimed to have been suffered by them by reason of the wrongful failure of appellant to complete the moving of appellees' dwelling house within the month of October, 1946, and by reason of appellant's willful abandonment, without cause, of the work of moving, re-

3. The lien for labor and materials here referred to is required to be filed within 90 days after cessation of the labor and the furnishing of the materials described in the claim of lien.

pair and building operations on the said dwelling house.

The judgment of the court discharged appellant's lien and ordered it cancelled of record. It awarded to appellees the sum of $391.17 which amount represents the balance in favor of appellees after deducting from the $917.25 found to be due the appellees, the sum of $526.08 found to be due appellant. It denied attorneys' fees and costs to both parties but interest at the rate of 6% was allowed on the balance of $391.17 from date of the judgment.

■ One specific finding of fact is that the last of the *supplies* (represented by the item of $526.08 were furnished by appellant some time *prior* to December 15, 1946 *and more than 90 days prior* to the time of the filing of appellant's lien. This finding may not be set aside unless clearly erroneous, a conclusion not justified by the record. It correctly disposes of the question of the validity of appellant's lien so far as it covers the furnishing of such *supplies.*

It is obvious that the trial judge was also fully persuaded that appellant's willful abandonment of the work without cause deprived him of the right to foreclose his purported lien for *labor* performed under his contract with appellees.

■ We cannot weigh the evidence and resolve doubts concerning conflicts presented in the testimony before the trial court. There was evidence in the case which convinced the court that appellant did, without cause, wrongfully and willfully abandon work on his contract with appellees and we are not free to draw a contrary conclusion concerning this matter since we are not convinced that the finding is clearly erroneous.

■■ Our attention has not been called to any Alaska case (apparently there are no Alaska cases in point) which bears directly on the legal effect of an "abandonment" of the character which the judge believed and found was revealed by the evidence. Abandonment is a fact made up of an intention to abandon and the external act by which the intention is carried into effect. If the evidence convinced the court (as it did) that these two elements united in this case, then "abandonment" was established as a fact. In this case the court formally found that the abandonment was willful and without cause. This finding is not clearly erroneous.

■■ The older Oregon cases which are frequently cited as authority in Alaska courts [4] appear to support the contention of appellees that where a contractor fails to perform a considerable part of the work required by his contract, his failure, regardless of his intentions, *constitutes a bar to his enforcement of a lien for the work performed.* This rule retains its vitality in the more recent cases [5] and it seems clear that appellant's labor lien *ceased to be enforceable by foreclosure* when the abandonment here charged was established as a fact.

■■ One further point remains to be determined. The appellant contends that even though his labor lien may not be foreclosed, he is nevertheless entitled to judgment for the reasonable value of his services. Appellant has received $1,000 for his services and the question now is whether in view of his abandonment of the work he is entitled to recover therefor a further

---

4. See Kohn v. McKinnon, D.C.Alaska, 90 F. 623, 625 where the court states that "By an act of the congress providing a civil government for Alaska, passed May 17, 1884, the general laws of the state of Oregon *then* in force were declared to be the law of this district, so far as the same were applicable, and not in conflict with the provisions of that act or the laws of the United States." (Emphasis supplied.)

Alaska courts also rely on Oregon decisions and law for the further reason that Oregon law was formally adopted by the two Alaska Codes of 1899 and 1900, these being mainly copied from the statutes of Oregon. And to the end that adjudications by the Supreme Court of Oregon might remain as directly in point as possible, changes were sparingly made in these 1899 and 1900 Codes. For a discussion of this phase of Alaska history see author's "Introduction" in "Carter's Annotated Alaska Codes" 1900.

5. Pippy v. Winslow, 62 Or. 219, 125 P. 298; Bradfield v. Bollier, 169 Or. 425, 128 P.2d 942; Wolke v. Schmidt, 112 Or. 99, 228 P. 921. Birkemeier v. Knobel, 149 Or. 292, 40 P.2d 694.

amount. On the basis of the authority cited to us and as a result of our own research we are persuaded that the willful abandonment of the contract by the plaintiff, without cause, is a bar to any recovery of any further amount for the value of his services.[6] The rule established by the authorities cited in Note 6 is to the effect that where one performs service for another which is of value to the latter, recovery may be had for the same on quantum meruit, unless there has been a willful abandonment of the undertaking by the party doing the work. The appellant in the instant case falls squarely within this exception which arises in cases of willful abandonment.

We conclude that the trial court clearly erred in finding that appellees were "damaged" in the sum of $917.25, this item representing the amount required to be expended by them to finish the work appellant had contracted to do. As indicated in the findings, the agreed contract price on the work was $2872.28. Appellees made an advance payment of $1,000 on this contract, leaving a balance of $1872.28 due appellant if he finished the work in accordance with his contract. While appellant forfeited his right to recover this balance when he willfully abandoned his contract, without cause, it is also true that appellees were able to finish the work called for by the contract by an expenditure of only $917.25 in addition to the $1,000 previously paid to appellant, that is, by a total expenditure of $1917.25 instead of the contract price of $2872.28. In this situation appellees did not suffer the damages they claim and are not legally entitled to recover this item of $917.25. (See Restatement of the Law of Contracts, Vol. 1, p. 533, Sec. 335, and Cf. Restatement of the Law of Contracts, Vol. 2, p. 628, par. 4.)

6. Tribou v. Strowbridge, 7 Or. 156; Steeples v. Newton, 7 Or. 110, 33 Am. Rep. 705; Todd v. Huntington, 13 Or. 9, 4 P. 295; Gove v. Island City M. & M. Co., 19 Or. 363, 24 P. 521; In re Murray's Estate, 56 Or. 132, 107 P. 19; Wuchter v. Fitzgerald, 83 Or. 672, 163 P. 819; Easton v. Quackenbush, 86 Or. 374, 168 P. 631; Espenhain v. Barker

The cause is remanded with directions to enter judgment in favor of appellant for the sum of $526.08 with interest thereon at the rate of 6% from date of the original judgment until paid.

(Phillips v. Barker), 121 Or. 621, 256 P. 766; Rose v. U. S. Lumber and Box Co., 108 Or. 237, 215 P. 171; Wolke v. Schmidt, 112 Or. 99, 228 P. 921; State v. U. S. Fidelity Co., 144 Or. 535, 24 P. 2d 1037. See also 5 Williston on Contracts (Revised Edition) Sec. 1475; Restatement of Contracts Sec. 357.