# SUTHERLIN FABRICATION COMPANY,
*Respondent,*

*v.*

# LINCOLN CONSTRUCTION COMPANY, *Appellant.*
## (No. 76-2445, SC 25601)

588 P2d 36

Dean Heiling, of Heiling & McIntosh, Roseburg, argued the cause and filed a brief for appellant.

James H. Spence, of Spence, O'Neal & Banta, Roseburg, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOWELL, J.

## HOWELL, J.

This is an action for recovery of the reasonable value of equipment constructed by plaintiff for defendant. The trial court, sitting without a jury, entered judgment in favor of plaintiff for $13,376.91, and defendant appeals.

Plaintiff is an Oregon corporation engaged in the business of constructing heavy equipment. Defendant is an Oregon corporation engaged in the business of rock crushing. The parties entered into a contract whereby plaintiff was to construct for defendant a "lowboy," which is a type of trailer used for hauling heavy equipment. Defendant's president testified that the initial bid price was $13,340. Defendant gave plaintiff some plans to use as a rough guide and plaintiff agreed to construct a unit that would haul 60 tons.

Plaintiff's president testified that after work had begun, one of defendant's employees requested a number of additional items beyond what the parties originally agreed upon. He also testified that he told the employee there would be additional charges for the work.

About a month and a half after work was started, defendant paid plaintiff $2,500 to defray some of the costs of construction. Plaintiff delivered the lowboy to defendant upon completion, but was unable to recover the balance under the contract. When plaintiff was unable to collect the amount owing, it brought this action.

Defendant's single assignment of error reads:

"The trial court erred in awarding to Plaintiff the difference between the bid price and the $2,500 previously paid by Defendant, since Plaintiff admitted that Plaintiff's workmanship was defective and Defendant did not get what Plaintiff's [sic] contracted to provide."

It is somewhat difficult to understand exactly what defendant seeks to argue under this assignment of

error. The assignment itself appears to question the sufficiency of the evidence. In its argument, however, defendant suggests that the trial court erred in awarding damages to plaintiff on a quantum meruit theory, rather than on the basis of the price plaintiff bid. We have considered both arguments and find each to be without merit.

■ *First.* Our review here is limited to a determination of whether the judgment is supported by substantial evidence. *Lokan v. Roberts,* 270 Or 349, 527 P2d 720 (1974). We find substantial evidence to support the trial court's conclusion that "the reasonable value of the labor and materials furnished to Defendant Lincoln Construction Co. by Plaintiff is the sum of at least $15,876.91."

Defendant's own expert witness testified that when the equipment was completed, it had a fair market value of $25,000 to $27,000. The witness estimated the value of the material contributed by defendant to be approximately $7,675. Therefore, the fair market value of plaintiff's contribution, according to defendant's own witness, was $17,325 to $19,325.

Plaintiff's president testified that he provided substantial work beyond that contemplated by the original bid, and that he simply charged defendant his normal rates for the work. Much of this work was requested by a Mr. Feela, whom plaintiff's president considered one of defendant's employees. Defendant's president denied that Mr. Feela was an employee at the time the work was being done, but the trial court was entitled to believe plaintiff's testimony that defendant had held Mr. Feela out as its agent.

Defendant's principal contention is that the trial court "neglected to deduct from Plaintiff's recovery any damages resulting from Plaintiff's faulty construction." There was evidence that additional work was needed to bring the equipment up to satisfactory standards, but the parties disagree over the cost of such work. Defendant's expert testified that it would

cost \$9,000 or \$10,000 to put the equipment in satisfactory condition, but was unable to explain the basis for his calculations. Plaintiff's president testified that the cost would be less than \$900 and was able to itemize his estimate.

■ Under ORS 72.6070(4), the burden is on the buyer to establish any breach with respect to goods that have been accepted. The trial court could reasonably have found that defendant failed to show the defects in the equipment were as serious as claimed. Moreover, even with the defects, there was evidence that the fair market value of plaintiff's work and materials exceeded the amount plaintiff recovered. We therefore hold that the trial court's finding as to plaintiff's damages is supported by the evidence in the record.

■ *Second.* Defendant's contention that the trial court erred in awarding damages to plaintiff in excess of the bid price reflects a misunderstanding of this court's holding in *Wuchter v. Fitzgerald,* 83 Or 672, 163 P 819 (1917). In *Wuchter* we held that the trial court erred in instructing the jury in a contract action that damages could be based on "whatever the work was reasonably worth without regard to the contract price." 83 Or at 677. *Wuchter,* however, was not a case in which services had been performed over and above the services required under the contract. As noted above, there was substantial evidence in the present case that plaintiff provided labor and materials beyond the work contemplated by the original bid. This case is therefore analogous to *Pippy v. Winslow,* 62 Or 219, 125 P 298 (1912), where the court held that a contractor could recover the reasonable value of extra work performed in addition to that required under the contract. As in *Pippy,* the extra work in the present case gave rise to an independent duty on the part of defendant to pay. Consequently, the trial court did not err in awarding plaintiff damages in excess of its bid price.

Affirmed.