Argued January 18, modified February 7, 1928.

# J. W. DE YOUNG et al. *v.* J. S. CROOKS et al.

(263 Pac. 918.)

**Contracts—Evidence Held to Show Defendant's Delayed Occupation of House was not from Delay in Its Completion but from Lack of Sewer Connections.**

1. In suit to foreclose mechanic's lien on property owned by defendants, in which for affirmative defense defendants alleged plaintiffs' unreasonable delay in completion of building, evidence *held* to show that defendants' delay in making use of house after they stated to plaintiffs their intention of moving their furniture into it was not due to delay in completion, but to lack of sewer connections.

**Damages—Owners were Entitled to Compensation for Contractor's Failure to Flash Frames and to Install Bookcases Paid for and for Cracked Wall.**

2. In contractor's suit to establish and foreclose mechanic's lien on defendants' property, defendants were under evidence entitled to compensation for contractor's failure to flash side of door and window frames, to install type of bookcases paid for, and for damages to wall because of crack therein.

**Contracts—Plaintiff Could Recover Under Complaint Alleging Compensation for Extras was Agreed on, on Proof of Agreement to Pay for Them at Cost (Or. L., § 97).**

3. Where contract provided that extra work, including percentage work, should be governed by conditions of specifications, which contemplated that defendants might desire extra items, in suit by contractors to establish and foreclose a mechanic's lien on defendants' property, plaintiffs could recover on allegation that compensation to be paid by defendants for extra items was agreed on, on proof that defendants agreed that extra items should be

paid for at actual cost, variance, under Section 97, Or. L., not defeating recovery.

**Pleading—Mere Variance Between Pleading and Proof is Insufficient to Defeat Recovery (Or. L., § 97).**

4. Under Section 97, Or. L., mere variance between pleadings and proof is insufficient to defeat a recovery.

---

Mechanics' Liens, 40 C. J., p. 451, n. 2, p. 452, n. 6, p. 473, n. 95, 1, 2.

Pleading, 31 Cyc., p. 703, n. 38.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 2.

This is a suit to establish and foreclose a mechanic's lien upon property owned by the defendants. The plaintiffs entered into a contract with the defendants to construct a dwelling-house according to plans, specifications and a contract prepared by the plaintiffs, for the price of $3,215; later some extra work was ordered and done. Plaintiffs allege that thus there became due them a total of $3,544.34, and that after all credits are applied a balance of $241.21 remains due, for which they seek judgment. The answer admitted the execution of the contract, but denied plaintiff's performance of it and denies that the extra items exceed in value $166.35. As an affirmative defense the answer alleged first, that the plaintiffs unreasonably delayed completion of the building to the damage of the defendants in the sum of $490; second, that the contract required plaintiffs to flash the door and window frames at both sides and heads and that the plaintiffs failed to do so, whereby the defendants were damaged in the sum of $500; third, that due to lack of proper supervision on the part of the plaintiffs, an open ditch upon the premises dug for the reception of sewer-pipes, filled with water and under-

---

4. See 21 R. C. L. 611.

mined the foundation of the porch, thereby causing a crack to open along the line where the porch joined the house to the damage of the defendants in the sum of $500; fourth, that due to the failure of the plaintiffs to submit to the defendants the colors of paint which the plaintiffs proposed to apply on the house, the color tones are unsatisfactory to the damage of the defendants in the sum of $75; fifth, fault is alleged with the painting and enameling of the interior woodwork; the defendants allege $50 damage in this item; sixth, defendants contend that they were entitled to some bookcases at the end of the living-room, but that the plaintiffs installed bookshelves only; this is the basis for an allegation of damages in the sum of $15, and seventh, the defendants contend that the plaintiffs failed to broom clean the house upon completion of their work, to defendants' damage in the sum of $10.  The reply denied all of the foregoing allegations and alleged that any delay in the completion of the house and any filling of the sewer ditch with water was due to the failure of the defendants to obtain the proper sewer connections.  In the Circuit Court the plaintiffs recovered judgment in the sum of $241.21; $50 attorneys' fees, interest, costs and the filing fee of their mechanic's lien instrument.  The defendants appeal.                                    Modified.

For appellant there was a brief over the name of *Messrs. Murdock & Crum,* with an oral argument by *Mr. Nicholas Jaureguy.*

For respondent there was a brief over the name of *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. B. G. Skulason.*

ROSSMAN, J.—1. We believe that the evidence warrants the conclusion that the plaintiffs substan-

tially performed their contract. Defendants complain concerning an alleged delay in the completion of the house. October 7, 1924, the defendants sent the plaintiffs a letter stating their intention of moving their furniture into the house due to the expiration of a lease on the apartment they were then occupying. No charge was made in the letter to the effect that the plaintiffs had delayed completion of the building. A day or two following the letter the furniture arrived and within several days thereafter the house was ready for occupancy. But there was no sewer in the street; hence the sewer running from the house could not be connected with anything in the street. This in turn rendered the plumbing fixtures useless. The defendants did not move into the house until many weeks after October 7th; their delay in making use of the house was due, we believe, to the lack of sewer connections and not to any delay on the part of the plaintiffs.

2–4. We believe that the defendants should be allowed some compensation for the failure of the plaintiffs to put tin flashings on the side of the door and window frames. A witness testified that the cost of putting the flashings all around these frames and applying paint would be approximately $100. However, flashings are over the top of the frames where it is needed most. We believe that the value of the defendants' home has been somewhat lessened by the opening of the crack between the porch floor and the side of the house; proper care upon plaintiffs' part would have avoided this. The evidence satisfies us that the plaintiffs omitted to install the type of bookcases that the defendants paid for. On account of the foregoing three items, the defendants should be allowed $100 damages. Plaintiffs claim $329.34 for

extra labor and materials; we are of the opinion that this sum should be reduced to $311.01.  The defendants contend that the plaintiffs cannot recover this sum due to the condition of the pleadings.  The complaint alleges that the compensation to be paid by the defendants for the extra items was agreed upon. An itemized statement of the extra items is set forth in the complaint with the actual charges made therefor.  The testimony does not show that before the items were installed the plaintiffs and defendants met and agreed upon the amount.  Upon the other hand, the testimony indicates that the defendants signified the extra items they desired, and requested the plaintiffs to supply the necessary labor and materials.  The specifications which became a part of the contract contemplated that the defendants might desire some extra items.  For instance, one of the paragraphs, where extra work is mentioned, provides: "All extra work, including percentage work on the above buildings, shall be governed by all the conditions of these specifications."  The plaintiffs charged the defendants actual cost, plus fifteen per cent for supervision.  Defendants contend that where an express contract is alleged a party cannot recover upon an implied one; they call to our attention *Richardson* v. *Investment Co.,* 66 Or. 353 (133 Pac. 773); *Schade* v. *Muller,* 75 Or. 225 (146 Pac. 144); *Taggert* v. *School District,* 97 Or. 95 (188 Pac. 912, 191 Pac. 659), to which might be added *Wolke* v. *Schmidt,* 112 Or. 99 (228 Pac. 921).  However, this is not a case in which a party undertook in an express contract to produce a certain specified result, and failing in his efforts brought forth something different which he believes is of value to the other contracting party and thereupon sues the latter, not upon a *quasi* con-

tract, but upon the express contract. Upon the other hand, ours is a case in which the written contract which made express provision for a certain type of house recognized the fact that some minor changes might be desired, and therefore bound the contractor to make these changes upon the requisition of the owner. A mere variance between the pleadings and the proof is not sufficient to defeat a recovery in this state.

Section 97, Or. L., provides:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court. * * " .

In other words, a variance alone is not sufficient. The question therefore occurs: Is there such a total failure of proof that the plaintiffs should not be permitted to recover for the extra items, for it is a failure of proof and not a mere variance that defeats recovery. We have all the evidence before us. It indicates quite clearly that the extra items desired were agreed upon and the parties agreed that the defendant should pay for them actual cost; the contract makes provision for a percentage. We believe that the pleadings are sufficient to warrant a recovery under this proof. These being the circumstances, the plaintiffs may have judgment against the defendants in the sum of $122.88. In all other respects the decree appealed from is affirmed. Costs in this court to neither party.    AFFIRMED.

RAND, C. J., and BEAN and BELT, JJ., concur.