Argued October 7; reversed November 10, 1932

## McCOMB *v.* COGSWELL ET AL.

(15 P. (2d) 716)

*Gunther F. Krause,* of Portland (Arthur D. Hay, of Lakeview, and Wood, Montague & Matthiessen, of Portland, on the brief), for appellants.

No appearance for respondent.

CAMPBELL, J. Plaintiff alleges in his complaint that he entered into a written contract with defendant, Martha Cogswell, to construct certain buildings in accordance with certain plans and specifications; that he did construct said buildings according to the terms and conditions of said contract and completed the same on July 28, 1930, on which date Martha Cogswell accepted the same. That the contract price was $3,250, which was all paid excepting the sum of $500.

Under the contract, this was the fourth installment and and the contract provided that it should "be kept by the party of the first part until the house is accepted by the party of the first part" (the party of the first part being defendant, Martha Cogswell). He further alleges that in due time he filed a lien, on the buildings and the lot upon which they were constructed, for said $500. This suit is brought for the purpose of foreclosing said lien.

Defendants, in their answer, admit the contract and the construction of the buildings, but they deny that the buildings were constructed according to the contract, or that either of the defendants accepted said buildings. For a separate answer and defense, defendants alleged that the buildings were not built according to the contract and specified various departures from the plans and specifications by which defendants were damaged in the sum of $1,000, for which they pray judgment.

The circuit court heard the testimony, personally inspected the buildings, and made findings and entered a decree in favor of the plaintiff for the full amount claimed, and foreclosed the lien. Defendants appeal.

Plaintiff is a resident of Lakeview, Oregon, where the contract was executed. Defendants are residents of Portland, Oregon. Upon the signing and delivery of the contract, defendants left for Portland, where they remained until July 15, 1930, when they returned to Lakeview upon receipt of notice from plaintiff that the buildings had been completed. Upon their arrival at Lakeview, they found the buildings in an unfinished condition. They also discovered that the buildings were not constructed in accordance with the contract.

The plaintiff admits that the buildings were not built according to the contract, and in several respects

he departed from the plans and specifications and that he made these changes without the knowledge or consent of either of defendants. He does not even claim a substantial compliance with the contract, but claims that defendant accepted the buildings as he constructed them.

The allegation in his complaint is that he constructed the buildings ''according to the terms and conditions set forth in said written contract.'' In his notice of lien, he alleges that he is entitled to a lien

''by virtue of an express contract heretofore made with Martha Cogswell * * * a copy of said contract is hereto attached * * * that said contract was in all things fully performed.''

Neither in his complaint nor in his notice of lien does he allege any waiver by defendants of any of the terms or conditions of the contract, nor does he allege that defendants or either of them accepted said buildings as constructed as a compliance with the contract.

''Having pleaded the contract, it was necessary for the plaintiff to allege the terms of the contract and a compliance by him with such terms or some excuse for his failure to completely perform the contract.'' Graf v. Petry, 118 Or. 511 (247 P. 315).

''Having contracted for a floor of a certain consistency, the defendants are entitled to have what they contracted for. Plaintiffs have alleged an express contract and have averred that they have performed a contract as it was stipulated. The proof does not sustain the truth of their allegation of performance.'' Wolke v. Schmidt, 112 Or. 99 (228 P. 921); De Young v. Crooks, 124 Or. 19 (263 P. 918); Turner v. Jackson, 139 Or. 539 (4 P. (2d) 925, 11 P. (2d) 1048).

This is a case where a party, according to his own pleadings, undertook, by virtue of an express written contract, to erect certain specified buildings. He now

admits that he failed to construct the kind of buildings for which defendants bargained and agreed to pay. He filed his lien with an allegation that he performed his contract; that is, he constructed what under the contract he agreed to build: *De Young v. Crooks,* supra.

■ The evidence does not show such an acceptance of the buildings by the defendants as would amount to a waiver of the departure from the plans and specifications in their construction. Under the pleadings and the proof, plaintiff is not entitled to a foreclosure of his lien.

■ On the other hand, defendants have failed to establish, by competent evidence, the amount of their damages. The only evidence of the damage sustained is that given by defendants' expert witness, Brooner, as to what it would cost to replace or reconstruct according to contract. Under the pleadings and facts in this case, the measure of damages is not what it would cost to tear out and replace or rebuild according to the plans and specifications but the difference between the value of the building as constructed and what its value would have been had it been built according to the plans and specifications.

The decree of the circuit court will be reversed and the cause remanded with instructions to dismiss. It is so ordered.

RAND, BROWN, and BELT, JJ., concur.