Argued September 24; affirmed October 14, 1941

# NEWLEE ET UX. *v.* HEYTING
### (117 P. (2d) 829)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND and BRAND, Associate Justices.

*M. B. Meacham,* of Portland, for appellant.
*Allen G. Fletcher,* of Portland, for respondents.

BAILEY, J. H. D. Newlee and Elaine I. Newlee, his wife, brought this action to recover from the defendant, J. F. Heyting, damages for the failure of the defendant to construct a dwelling house for the plaintiffs in a good, workmanlike manner. From a judgment in favor of the plaintiffs the defendant appeals.

On January 31, 1938, the plaintiffs and the defendant entered into a written contract whereby the defendant agreed to construct for the plaintiffs in Portland, "in accordance with the requirements of the building code of the city of Portland, and to complete the same on or before June 1, 1938, except as hereinafter provided, a dwelling house on said premises above described, of the same quality, finish, workmanship, specifications and substantially the same as that certain dwelling house now situated and located at 3014 N. E. 30th Ave., Portland, Oregon, with the following additions, exceptions and changes," which are not here material. Upon the completion of the house the plaintiffs were to pay to the defendant $5,290.

At the time the contract was made the defendant was, and for many years prior thereto had been, engaged in the construction of residential buildings in the city of Portland and held himself out to the public as an experienced and competent builder. He represented to the plaintiffs that he built homes according to plans and specifications prepared by himself and that it was not necessary for them to consult an architect. The house on Thirtieth avenue and others constructed by the defendant were shown by him to the plaintiffs before they entered into the contract.

On or about June 1, 1938, the plaintiffs took possession of the house, on the representation by the defendant that it was completed. Shortly thereafter defects in the construction of the house became apparent.

■ The complaint as originally filed listed twenty defects in the construction of the house due either to poor workmanship or poor materials. At the trial one more specification was added. The case was tried by the court without the intervention of a jury. In special findings of fact the court enumerated fourteen particulars of poor workmanship or defective materials for which the plaintiffs were entitled to recover. The findings are binding on this court if there is substantial evidence to support them, and we believe that there is. We shall not, therefore, discuss the findings in detail.

Only three assignments of error are here urged. The first has reference to the failure of the court to sustain the defendant's objection to a question asked one of the plaintiffs' witnesses. In this connection the record discloses the following:

"Q. What, in your opinion, Mr. Kern, is the difference in value between this property which you have

inspected, in the condition in which it was when you inspected it, and what its value would have been, had it been properly constructed?

"Mr. Meacham: I object to that because that isn't the measure of damages. It is the difference in value as it is and the value if it had been constructed in accordance with the contract, not 'properly constructed'. That leaves too much opportunity for surmising and guessing.

"The court: Objection overruled. I think the objection is well taken so far as the theory is concerned; but there is nothing before me on the part of the plaintiff[s] to indicate whether there was a contract between these people whereby the contractor was to build a house other than with due care."

"Mr. Fletcher: You may answer.

A. From seven hundred fifty dollars to one thousand dollars."

■ At the time this question was put to Mr. Kern the written contract between the parties had not been introduced in evidence. Testimony had theretofore been given by an architect relative to poor workmanship and improper construction of the house. Mr. Kern himself had testified, before giving the above-quoted answer, that his attention had been called to the defects in construction. The main question in controversy was whether the building had been constructed with due care and in a workmanlike manner. Wherefore, when the witness Kern was asked his opinion of the difference in value between the house as built and its value had it been "properly constructed", the words "properly constructed" were readily understood to mean "with due care and in a workmanlike manner". This is indicated by the court's language in ruling on the objection.

The contract did not specify the kind or quality of workmanship to be employed in building the plaintiffs' house otherwise than that it should be the same as that of a certain dwelling on Thirtieth avenue. Mrs. Newlee testified that at the time she inspected the latter house there were no such defects in it as appeared in the plaintiffs' house. And there was also the admission by the defendant that he was to build the plaintiffs' house in a workmanlike manner, which he insisted he had done.

In *Metropolitan Casualty Co. v. Medina Rural High School District*, (Tex.), 53 S. W. (2d) 1026, the court describes the duty of a building contractor as follows:

"Appellants complain that the case was submitted upon special issues calling for findings as to whether the contractor did the particular work complained of in a 'workmanlike manner.' Appellants' objection to this submission was that the contractor's obligation was to perform the work in accordance with the plans and specifications, which issue was not submitted. We overrule this contention, embraced in appellants' seventh proposition. The contractor was under the implied obligation to do all the work required of him, or performed by him, in a workmanlike manner, and his failure to do so rendered him, as well as his surety, liable for the resulting damages."

■ The opinion in *Moss v. Best Knitting Mills*, 190 N. C. 644, 130 S. E. 635, holds that:

"It is the duty of the builder to perform his work in a proper and workmanlike manner. [Authorities.] This means that the work shall be done in an ordinarily skillful manner, as a skilled workman should do it."

See also, in this connection, *Hartford Mill Co. v. Hartford Tobacco Warehouse Co.*, (Ky.) 121 S. W. 477; *Jose-Balz Co. v. DeWitt*, 93 Ind. App. 672, 176 N.

E. 864; and Blake on Law of Architecture and Building, 2d Ed., § 56.

In the case at bar the defendant acted as both architect and contractor. Some changes were made in the plans selected, in order to adapt the design of the Thirtieth avenue house to the plaintiffs' lot. There appears to have been no substantial departure by the defendant from the general plans as so adapted. But in addition to building the house according to the plans he undertook to construct it with good materials and in a workmanlike manner.

■ The measure of the plaintiff's damages for the defendant's failure so to construct the house is the difference in its value as built and what its value would be if it had been built according to the contract: *Hartford Mill Co. v. Hartford Tobacco Warehouse Co.*, supra; *McComb v. Cogswell*, 140 Or. 676, 15 P. (2d) 716. The proof of the plaintiffs' damages was not complicated. What the trial court was called upon to determine was the difference in value of the house in its defective condition and what the value would have been had the house been built of good materials and in a workmanlike manner. According to Mr. Kern's testimony, the plaintiffs' damages due to defective construction of the house amounted to between seven hundred fifty and one thousand dollars. The court fixed the damages at the minimum stated by this witness.

■ In his second assignment the defendant argues that the trial court erred "in finding that the plaintiffs have not accepted or approved the construction of the ramp into the garage and the framing lumber used in the construction of the building, and that such construction was negligent." The question of whether

the house was negligently constructed, and the further question of whether the plaintiffs accepted it and approved the manner in which it was built, so as to preclude them from maintaining this action, were matters for the determination of the trial judge. The testimony was conflicting, and we are of the opinion that the findings of the court in this connection are supported by substantial evidence.

The remaining question is whether the plaintiffs prevented the defendant from repairing the defects and are thereby precluded from recovery in this action. In this respect the court found as follows: "The defendant made a qualified offer to remedy certain—but not all—of the above named defects, but the plaintiffs were warranted in rejecting the said offer."

■ Before the action was started, the plaintiffs notified the defendant in writing of the twenty items of deficiency later listed in their complaint. In response thereto the defendant offered to repair only six of the defects. Moreover, his offer was qualified, even as to making these repairs, and might readily have been construed as denying the defendant's responsibility in regard to other defects. An acceptance thereof by the plaintiffs could have been understood by the defendant as releasing him from further obligation. This offer should also be considered in connection with prior discussions between the parties, in which the defendant proposed making repairs but in a method unworkmanlike and not satisfactory to the plaintiffs. The trial court properly found that the plaintiffs were warranted in rejecting the defendant's offer.

It is our opinion that the circuit court committed no error, and the judgment appealed from is affirmed.