Submitted on record and briefs January 11, affirmed July 21, 1982

THOMAS,
*Appellant,*
*v.*
SCHMIDT, dba
Tri-Tex Roofing & Siding Co.,
*Respondent.*

(No. A93-264, CA A21649)

648 P2d 376

Elvira A. Thomas, Springfield, filed the briefs pro se for appellant.

H. Thomas Evans, and Evans & Armstrong, Eugene, filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals from a judgment in her favor arising out of her action for breach of contract. The issue is whether the trial court applied the correct measure of damages. Plaintiff contends that the court erred in fixing damages by using the difference-in-value rule rather than the cost-of-repair rule.

Plaintiff and defendant entered into written contracts whereby defendant agreed to re-roof a house and garage. In her complaint, plaintiff alleged that defendant had breached the contracts and that he did not perform the work in a workmanlike manner. The case was tried to the court, which inspected the house and garage. It found that defendant had completed the work in a generally workmanlike manner, but:

> "The evidence presented supports a finding that there is some discoloration or shading present in portions of the roofs at both locations.
>
> " * * * * *
>
> "* * * Such discoloration * * * may affect the esthetic value of the roofs * * *. Though not the result of poor workmanship, this would constitute a breach of the contract between the parties."

On the issue of damages, plaintiff urged application of the cost-of-repair rule, which allows recovery of an amount necessary to cure the defects. *Turner v. Jackson,* 139 Or 539, 4 P2d 925, 11 P2d 1048 (1932). The trial court found that repair would require re-roofing both buildings. The court then ruled:

> "Given the fact that, except for the shading, these roofs are satisfactory, an award for such repair is disproportionate to the damages actually suffered by Plaintiff, and would result in gross economic waste. Accordingly, the Court rules that the proper measure of damages is not the cost of repair but rather the amount by which the value of the completed projects was reduced by the shading problem."

*See Newlee v. Heyting,* 167 Or 288, 117 P2d 829 (1941).

In *Beik v. American Plaza Co.,* 280 Or 547, 555, 572 P2d 305 (1977), the Supreme Court said:

"The rule in Oregon is that the cost of replacement or repair is the correct measure of damage for defects in work unless that remedy generates undue economic waste. * * *"

*See also Schmauch v. Johnston,* 274 Or 441, 446-47, 547 P2d 119 (1976); *Turner v. Jackson, supra.*

After inspecting both properties, the trial court found that the work was done in a workmanlike manner and that repair would require re-roofing both buildings. Plaintiff apparently had a bid for $2,160 to repair the roofs. The court concluded that re-roofing would result in gross economic waste, because the discolorations were barely visible and the damage only "esthetic." Recognizing that beauty is somewhat subjective, the court awarded plaintiff judgment for $325. We find no error.

Affirmed.